IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-1508

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

a Delaware corporation,

    Defendant.

---

**PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'S COUNSEL**

---

**I. Introduction**

Plaintiff, Colton John Harris, respectfully moves this Court to disqualify Defendant's counsel, Andrew Ungberg, from further participation in this case. Mr. Ungberg's dual role as both advocate and witness directly contravenes Rule 3.7 of the Rules of Professional Conduct, undermines the integrity of these proceedings, and prejudices Plaintiff's ability to respond to Defendant's Motion to Dismiss.

## II. Legal Standard

Under Rule 3.7 of the Rules of Professional Conduct, a lawyer should not act as an advocate at a trial in which they are likely to be a necessary witness unless specific exceptions apply:

1. **Uncontested Issue**: The testimony relates to an uncontested issue.
2. **Legal Services**: The testimony pertains to the nature and value of legal services provided.
3. **Substantial Hardship**: Disqualification would cause substantial hardship to the client.

Even when exceptions apply, a lawyer's dual role must be evaluated for conflicts of interest that could prejudice the opposing party and compromise the fairness of the trial.

## III. Violation of Rule 3.7

### A. Conflict of Interest and Necessity as a Witness

Mr. Ungberg's statements in his declaration involve critical factual disputes regarding Defendant's terms of use acceptance and procedural actions against Plaintiff.

Ungberg states, "I am an attorney at law, licensed in the state of New York (State Bar No. 4891750).

Specifically, Ungberg states, "I have personal knowledge of the facts set forth herein, which are based upon my personal review and reliance upon business records created and maintained in the regular course of Take-Two's business" (Declaration, ¶ 2). This admission shows that his direct involvement in these contested facts makes him a necessary witness, thus violating Rule 3.7(a). His testimony is directly tied to the merits of the case, not to an uncontested issue or the value of legal services rendered.

### B. Unfair Prejudice to Plaintiff

Ungberg's dual role as both counsel and witness significantly impairs Plaintiff's ability to challenge Defendant's Motion to Dismiss. By introducing personal declarations into contested matters, Ungberg conflates his roles as advocate and witness, thereby confusing legal advocacy with testimonial evidence. This creates an unfair advantage and directly impacts Plaintiff's ability to respond fully and fairly. Ungberg's statements, such as "I have reviewed Take-Two's user activity records associated with Plaintiff Colton John Harris's account," (Declaration, ¶ 12) are direct attestations to disputed facts, prejudicing Plaintiff's ability to respond.

### C. No Applicable Exception Applies

1. **Not an Uncontested Issue**: The facts presented by Ungberg, such as his review of the Plaintiff's account activities and acceptance of terms (Declaration, ¶¶ 12-13), are central to the case and heavily disputed. This makes his testimony a contested matter.
2. **Not Related to Legal Services**: His statements do not concern the nature or value of legal services; they relate directly to substantive issues in the case.
3. **No Substantial Hardship**: Disqualifying Ungberg does not create undue hardship for Take-Two, as it has other capable counsel who can represent its interests without compromising the proceedings.

### IV. Specific Issues with Mr. Ungberg's Involvement

- **Direct Involvement in Contested Facts**: Mr. Ungberg's declaration includes statements like, "Take-Two maintains records related to user accounts and certain activity associated with those accounts across Take-Two's systems, such as acceptance of the Terms of

Service," (Declaration, ¶ 11) which go directly to the core issues in dispute. His declarations are not just legal arguments; they are testimonial statements about factual matters that require cross-examination.

- **Prejudicial Impact**: By serving as both advocate and witness, Ungberg's statements introduce significant prejudice by blurring the lines between legal advocacy and evidence. His role as a declarant who provides firsthand knowledge of key disputed facts undermines the impartiality of the proceedings.
- **Potential Conflicts**: Ungberg's continued involvement raises substantial conflict concerns. His direct statements about procedural and factual matters mean that his impartiality as counsel is compromised, and his credibility becomes a central issue, forcing Plaintiff into a position where Ungberg's cross-examination is necessary.

## V. Harm to Plaintiff

Plaintiff is directly harmed by Ungberg's dual role, which hinders the ability to contest Defendant's Motion to Dismiss on equal grounds. His declarations as counsel acting as a witness create a scenario where Plaintiff is unfairly prejudiced, as Ungberg's credibility and involvement are directly relevant to disputed matters.

## VI. Defendant's Ability to Continue Without Substantial Hardship

Take-Two Interactive is fully capable of continuing its defense without Mr. Ungberg's participation. Other competent counsel, such as Carolyn Juarez, can represent Take-Two without compromising the defense and can be provided with any necessary records to continue effectively. Disqualifying Mr. Ungberg does not impose any substantial hardship on Defendant's

ability to litigate its case effectively, as other qualified legal representation is available to handle the defense without issue.

## VII. Request for Relief

For the reasons outlined above, Plaintiff respectfully requests that the Court disqualify Andrew Ungberg from further participation in this matter due to his clear violation of Rule 3.7, which prejudices Plaintiff's rights and threatens the integrity of these proceedings.

**Respectfully submitted,**

*Colton John Harris*

Colorado Springs, CO 80907

Email: thecoltonjohn@gmail.com

DATED: [9-24-2024]