IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-1508

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

a Delaware corporation,

    Defendant.

---

## MOTION FOR RECONSIDERATION

---

Plaintiff, **Colton Harris**, respectfully submits this Motion for Reconsideration of the Court's ruling on **10/10/2024**, which denied Plaintiff's Motion to Disqualify Mr. Ungberg, Defendant's witness. Plaintiff moves for reconsideration on the grounds that the Court has misapplied Rule 3.7 of the ABA Model Rules of Professional Conduct ("Rule 3.7"). This motion is supported by the following memorandum of law and accompanying argument.

## I. INTRODUCTION

This motion seeks reconsideration of the Court's ruling denying the disqualification of Mr. Ungberg, who has identified himself as a lawyer but is also serving as a necessary factual witness in this case. Rule 3.7 clearly states that a lawyer shall not act as an advocate at a trial where they are likely to be a necessary witness. The rule's language is broad and applies regardless of formal appearance as counsel. Plaintiff contends that the plain language, intent, and ethical foundations of Rule 3.7 were not correctly applied, and the Court's ruling creates a precedent that undermines the integrity of the judicial process. Therefore, the Court should reconsider its decision to deny the motion to disqualify.

Moreover, **Mr. Ungberg is not merely a lawyer testifying in this case; he is currently employed by the Defendant, Take-Two Interactive, as Senior Director and Counsel in Litigation, Legal Policy, and Strategy since April 2020.** His role at Take-Two specifically focuses on **litigation advocacy and strategy**, further blurring the line between his function as a witness and his professional duties to the defendant. This employment status underscores the inherent conflict of interest and the risk of prejudice against Plaintiff.

## II. LEGAL STANDARD

A motion for reconsideration is appropriate when the Court has misunderstood or misapplied the law or made a clear error of judgment. It allows the Court to correct errors that could materially affect the outcome of the proceedings. Reconsideration is warranted here because the Court's

interpretation of Rule 3.7 does not align with the plain language of the rule or the intent behind its creation.

### III. ARGUMENT

**1. Plain Language of Rule 3.7**

Rule 3.7 of the ABA Model Rules of Professional Conduct is clear: **"A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness."** The rule does not differentiate between formal or informal appearances as counsel. The only requirement is that the lawyer is a **necessary witness**. Mr. Ungberg, by identifying himself as a lawyer and testifying to factual matters, falls directly within the scope of this rule.

It is important to note that **Mr. Ungberg is not merely a lawyer but also an employee of the defendant, Take-Two Interactive,** further complicating his dual role in this case. His position as both **Senior Director and Counsel in Litigation, Legal Policy, and Strategy** inherently places him in a biased position, creating an additional conflict of interest that Rule 3.7 seeks to prevent.

For Mr. Ungberg to testify that he "knows" Plaintiff signed any documents, without having witnessed the signing or possessing indisputable proof, raises serious concerns about the **credibility** and **accuracy** of his testimony. Such speculative or second-hand testimony from a lawyer who works for the defendant only exacerbates the risk of **prejudice** against Plaintiff and further underscores the need for his disqualification under Rule 3.7.

The Court's ruling, by focusing on whether Mr. Ungberg had formally entered an appearance as counsel, misinterprets the rule. The plain text of Rule 3.7 makes no such exemption based on formality—it prohibits lawyers from acting as both an advocate and a witness if their testimony is necessary.

**Key Point**: The Court should consider that Mr. Ungberg's role as both a lawyer and a witness inherently triggers Rule 3.7's prohibition on dual roles, regardless of his formal representation status. **He is currently serving as a working member of Take-Two Interactive as Senior Director and Counsel for Litigation, Legal Policy, and Strategy,** and his legal responsibilities for the defendant, combined with his role as a witness, create a conflict of interest that Rule 3.7 was designed to prevent.

## 2. Intent of the Rule

The intent of Rule 3.7 is to prevent **conflicts of interest** and eliminate the potential for **bias** that arises when a lawyer serves as both advocate and necessary witness. Allowing Mr. Ungberg to testify while being identified as a lawyer creates a **dual identity** that risks confusing the fact-finder. The jury or court may give undue weight to his testimony due to his legal background, even though he is not formally acting as an advocate in this trial.

The **spirit of Rule 3.7** is clear: the rule aims to prevent legal status from influencing factual matters. By permitting Mr. Ungberg's testimony, the Court risks allowing the undue influence that Rule 3.7 seeks to avoid.

## 3. Ethical and Fairness Concerns

From an ethical perspective, the Court should be concerned with both actual **conflicts of interest** and the **appearance of impropriety**. **Rule 3.7** serves as a safeguard against the possibility that a lawyer's testimony could be unfairly biased in favor of their client, either by virtue of their legal training or perceived credibility.

Even though Mr. Ungberg has not formally entered an appearance as counsel, his dual role as both **Senior Director & Counsel for Take-Two Interactive** and a **witness** in this case places him in a position where his testimony could be perceived as unfairly biased. The **appearance of impartiality** is just as important as the actual conflict itself.

4. Policy Argument

Limiting Rule 3.7's application only to formally entered counsel creates a **dangerous loophole** that undermines the intent of the rule. If lawyers can avoid disqualification simply by refraining from entering a formal appearance, the rule's purpose will be defeated, allowing lawyers to serve as witnesses while still maintaining an informal role in advising or participating in a case.

By allowing Mr. Ungberg to testify as a witness while serving in a senior counsel position, the Court opens the door to similar tactics in future cases, creating an environment where the ethical balance **Rule 3.7** seeks to maintain can be easily subverted.

5. Necessity of Testimony

The Court should also reconsider the necessity of Mr. Ungberg's testimony. His role as a **necessary witness** only heightens the potential for bias and conflict of interest. **Rule 3.7** was specifically designed to address situations like this, where a lawyer's testimony is critical to the

case's outcome. Whether he has formally appeared as counsel or not, the duality of his roles demands his disqualification under **Rule 3.7**.

---

### IV. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court reconsider its ruling denying the disqualification of Mr. Ungberg as a witness. The plain language, intent, and ethical principles behind **Rule 3.7** mandate that Mr. Ungberg's role as both lawyer and witness violates the rules of professional conduct. The Court should apply the rule broadly to ensure fairness and prevent any potential conflicts of interest or bias in the proceedings.

Moreover, allowing Mr. Ungberg to continue in his dual role as both a **lawyer (Sr. Director & Counsel)** and a **necessary witness** may cause **prejudice to Plaintiff**, as it risks influencing the fact-finder's perception of his testimony, granting it undue weight due to his **legal status**. This not only jeopardizes the impartiality of the trial but may also materially affect the outcome, compromising the fairness that **Rule 3.7** is designed to protect. Therefore, reconsideration is warranted to ensure that the proceedings remain fair, unbiased, and consistent with the ethical mandates of the legal profession.

**Respectfully submitted,**

*Colton John Harris*

Colorado Springs, CO 80907

Email: thecoltonjohn@gmail.com

DATED: [10-10-2024]