IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-1508

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

a Delaware corporation,

    Defendant.

---

## PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT

---

### Introduction

Plaintiff, **Colton John Harris**, respectfully moves this Court for sanctions against Defendant, Take-Two Interactive Software, Inc. ("Take-Two"), due to procedural abuses and questionable evidence handling that have impacted the fairness and integrity of these proceedings. Defendant's recent filings, made under a stay order, have contained inconsistencies and procedural omissions that limit Plaintiff's ability to respond adequately. Imposing sanctions is essential to ensure transparency, procedural balance, and the integrity of the judicial process.

**Brief Summary of Grounds for Sanctions**

Plaintiff submits that sanctions are warranted due to Defendant's conduct, which includes:

1. **Abuse of the Stay Order:** Presenting new, unverified information during a stay, limiting Plaintiff's ability to respond.

2. **Material Misrepresentations:** Inconsistent statements and misrepresentations regarding Plaintiff's account suspension and related events.

3. **Misleading Screenshot Evidence:** Inconsistent statements and submission of an edited, generic screenshot reflecting Plaintiff's acceptance of terms, with date discrepancies that question its reliability.

4. **Failure to List Screenshot as an Exhibit:** Omitting proper exhibit labeling, hindering Plaintiff's ability to verify and respond.

5. **Coercive Presentation of Keymaster Terms:** Presenting terms with implied pressure, effectively forcing Plaintiff to potentially accept under duress.

**Grounds for Sanctions**

1. **Abuse of Stay Order**
    - The Court's stay order from September 9, 2024, paused certain proceedings, which Plaintiff has fully respected. Defendant has leveraged this stay to introduce information that Plaintiff could not promptly address, potentially impacting

Plaintiff's ability to respond completely. This action, undermines the stay's purpose, impeding Plaintiff's right to provide a timely response.

2. **Material Misrepresentations in Recent Filings**
   - Defendant's recent filings include conflicting statements from counsel and witnesses that appear to obscure the timeline and nature of Plaintiff's account suspension.
     - **Suspension Reason Misrepresentation:** Defendant asserts Plaintiff's suspension was due to Terms of Service violations. Yet, Plaintiff's account cites "**Legal threats with no foundation**" as the suspension reason (**see Exhibit H in Plaintiff's Third Amended Complaint, filed 09/16/2024**). This statement, following Plaintiff's legal action, is a retaliatory motive rather than a contractual breach. Defendant's misrepresentation creates an inaccurate impression that Plaintiff's suspension was due to violations, which obscures the true timeline and prejudices Plaintiff.
     - **Misleading Screenshot Evidence:** Defendant introduced an edited, generic screenshot, implying Plaintiff's acceptance of terms on September 24, 2023. This screenshot contains a "Last Updated" date of September 12, 2023—predating the alleged acceptance date. Such a discrepancy raises immediate concerns about the reliability and timing of Defendant's evidence. Carolyn Juarez, Defendant's counsel, specifically stated, "*Take-Two's records for Plaintiff's account show that he accepted the FiveM Creator Platform License Agreement on September 24, 2023. ECF No. 76-1 (Ungberg Decl.) at ¶ 13. The pop-up screen that was*

*presented to Plaintiff on that date is shown below,*" directly suggesting that the screenshot reflected Plaintiff's personal account's acceptance of new and unfavorable terms following Defendant's acquisition. Additionally, Andrew Ungberg described it as "*a true and correct screenshot of the pop-up screen that would have been presented to Mr. Harris on September 24, 2023*," without directly verifying that the screen shown was from Plaintiff's actual account. The absence of identifiable account-specific details raises concerns about selective editing or misrepresentation, potentially misleading the Court regarding Plaintiff's informed consent to Defendant's post-acquisition terms. Such actions hinder procedural fairness and warrant corrective action.

3. **Failure to Properly List the Screenshot as an Exhibit**
    ○ Defendant omitted the procedural step of properly labeling and listing the disputed screenshot as an exhibit, which is essential for transparency and fair review. Exhibit labeling is essential to maintaining a transparent record and ensuring both parties have the opportunity for a fair review. The screenshot, purportedly showing Plaintiff's acceptance of the terms on September 24, 2023, was inserted directly into Andrew Ungberg's declaration without formal exhibit designation. The failure to designate the screenshot as an exhibit deprived Plaintiff of the ability to fully respond and verify the evidence's authenticity and context. This omission limited Plaintiff's ability to respond fully to the evidence's authenticity and context, compromising established court procedures meant to ensure a transparent and equitable process.

4. **Coercive Presentation of Terms in Keymaster Screen**

    ○ The conditions under which Defendant allegedly presented the Keymaster screen reflects undue influence. By displaying terms that would have required acceptance to access Plaintiff's custom and paid assets—assets initially promoted as securely stored and protected against leaks and **resale** through Keymaster, Defendant would have created an implied threat that access to Plaintiff's assets—representing substantial time and financial investment—would be jeopardized if he did not accept the terms, effectively presenting him with a choice between forfeiting ownership without compensation or losing access altogether, while other developers, that contributed to fivem/cfx.re, have been reported to have been compensated seven figures. Furthermore, Defendant placed Plaintiff in a position where these valuable assets, some of which were created on secure systems exclusively for celebrities such as Anthony Davis of the LA Lakers, American rapper and singer Yung Bleu, and YouTube personality Checkpoint and many more faced potential compromise. Defendant did not provide an option for Plaintiff to retrieve his assets prior to acquisition, and Defendant does not have ownership to these assets. This coercive setup is inconsistent with obtaining genuine consent and challenges procedural integrity.

---

**Requested Sanctions**

**Each sanction requested seeks to reinforce procedural fairness and prevent reliance on potentially unverified evidence in this matter.**

1. **Exclusion of Misleading Evidence**
   - Plaintiff respectfully requests that the Court strike the edited screenshot purportedly showing Plaintiff's acceptance of the FiveM Creator Platform License Agreement on September 24, 2023, and any other unverified exhibits lacking clear attribution to Plaintiff's actual account. Excluding these materials will ensure that unverified evidence does not unduly influence the case's outcome.

2. **Financial Sanctions**
   - Plaintiff requests that the Court impose a monetary penalty on Defendant for procedural misconduct, including fines for misleading assertions and procedural missteps, as a deterrent against further infractions.

3. **Restrictions on Future Submissions**
   - Plaintiff requests that the Court limit Defendant's ability to introduce new evidence or arguments without verified and clear disclosures, to prevent potential obstructions to procedural fairness.

4. **Other Relief as Deemed Just and Proper**
   - Plaintiff seeks any additional relief the Court finds necessary to uphold fairness and mitigate prejudice, given Defendant's conduct in these proceedings.

---

**Conclusion**

Defendant's actions—including presenting ambiguous statements, altered evidence, and procedural omissions—undermine the integrity of these proceedings. Given that these representations were submitted by experienced counsel for Take-Two Interactive, a prominent corporation, their accuracy and transparency are paramount. The inconsistencies and procedural

gaps suggest a need for sanctions to restore procedural balance and maintain the Court's commitment to justice. Plaintiff respectfully urges the Court to impose the requested sanctions to preserve the principles of fairness in this case.

Moreover, Andrew Ungberg, who attended Harvard Law School from 2007 to 2010, and Carolyn Juarez, representing Take-Two Interactive—a $31.49 billion corporation—provided attestations that should adhere to the highest standards of accuracy and integrity. Given their extensive credentials and the prominence of the corporation they represent, this discrepancy casts serious doubt on Defendant's intent, suggesting a deliberate attempt to mislead the Court.

The Court must rely on the integrity of evidence submissions and the fair play of both parties to ensure procedural justice.

**Respectfully submitted,**

*Colton John Harris*

Colorado Springs, CO 80907

**Email:** thecoltonjohn@gmail.com

**DATED:** [11-12-2024]