IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-1508

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

a Delaware corporation,

    Defendant.

---

**MOTION TO PARTIALLY LIFT THE STAY FOR PROCEDURAL RESOLUTION**

---

**INTRODUCTION**

Plaintiff, **Colton John Harris**, respectfully moves this Court to partially lift the stay imposed on September 9, 2024, for the limited purpose of addressing Plaintiff's pending Motion for Sanctions and subsequent procedural matters.

This targeted request ensures procedural fairness, addresses procedural misconduct, and aligns with statutory authority under **28 U.S.C. § 636(b)(1)(B)**. Importantly, the sanctions motion is

**dispositive** in nature, as it leads directly to **default judgment** if **granted** or **unanswered**, requiring the oversight of **Chief Judge Philip A. Brimmer** for final resolution. The stay must be partially lifted to allow the sanctions motion to proceed without further delay, ensuring compliance with procedural rules and accountability for all parties.

---

### GROUNDS FOR PARTIALLY LIFTING THE STAY

**1. The Sanctions Motion is Dispositive in Nature**

The pending Motion for Sanctions, filed on **November 12, 2024**, meets the criteria of a **dispositive** motion because it seeks relief that directly results in **default judgment against Defendant**. Under **28 U.S.C. § 636(b)(1)(B)**, Magistrate Judge Braswell is limited to issuing **recommendations** for such motions, with final authority resting solely with **Chief Judge Brimmer**.

By its nature, the sanctions motion cannot be resolved entirely by the magistrate judge. The fact that it was referred to the magistrate judge by **Chief Judge Brimmer** acknowledges the procedural importance of the motion and ensures it is addressed with appropriate oversight. Partially lifting the stay is procedurally necessary to allow **Chief Judge Brimmer** to fulfill his statutory role in reviewing the magistrate judge's recommendations and resolving the matter in a timely and efficient manner.

**2. Defendant's Procedural Misconduct Demands Immediate Attention**

Plaintiff's sanctions motion highlights significant procedural misconduct by Defendant, including:

- **Submission of misleading evidence:** Defendant has relied on a generic click-wrap agreement to support their position but has failed to provide evidence of the specific agreement.. This **omission**, exemplified by the "**Affidavit Second Declaration of A. Ungberg,**" renders Defendant's claims **speculative** and **subjective**. Factual determination requires Defendant to present the exact version of the agreement Plaintiff purportedly agreed to, with clear evidence of its acceptance, rather than relying on generalized or unrelated terms.

- **Failure to properly label exhibits:** Defendant's failure to properly label or identify their exhibits further compounds the procedural issues. Without appropriate labels or descriptions, the court is unable to accurately assess the evidence or correlate it to Plaintiff's claims, and Plaintiff is unfairly prejudiced in their ability to respond effectively. Such procedural negligence undermines the integrity of the judicial process.

- **Abuse of the stay order:** Defendant has used the stay order as a shield to avoid addressing procedural accountability while continuing to litigate their own motions. This tactic delays resolution of Plaintiff's claims and undermines the fairness and efficiency of the proceedings.

Defendant's reliance on an unsubstantiated click-wrap agreement demonstrates procedural bad faith. This not only fails to meet the evidentiary standard for proving consent but also highlights the need for immediate judicial intervention to address these deficiencies and restore fairness to the proceedings.

Allowing Defendant to shield themselves behind the stay undermines procedural integrity and prejudices Plaintiff's rights. Resolving the sanctions motion ensures fairness and reinforces the court's authority.

### 3. Judicial Efficiency Requires Addressing Procedural Misconduct

Addressing the sanctions motion promptly promotes judicial efficiency by ensuring timely resolution of procedural misconduct, avoiding unnecessary delays, and preventing the court from being burdened with unresolved issues.

A **partial lift** of the stay is a targeted and efficient remedy, allowing Chief Judge Brimmer to rule on the sanctions motion without disrupting substantive proceedings related to Defendant's pending Motion to Dismiss.

### 4. Fairness Requires Balanced Accountability

Defendant has used the stay as a shield against accountability, benefiting from procedural delays while Plaintiff's claims remain **unresolved**. Partially lifting the stay for the limited purpose of addressing the sanctions motion restores balance and ensures both parties are equally accountable to procedural rules.

### 5. Magistrate Judge Braswell's Limited Role is Acknowledged

This motion does not seek to circumvent Magistrate Judge Braswell's authority but ensures compliance with her statutory limitations under **28 U.S.C. § 636(b)(1)(B).** The Chief Judge's oversight is required for **dispositive** motions, and partially lifting the stay aligns with this procedural requirement.

If the Court determines that the stay cannot be partially lifted, Plaintiff respectfully requests that **Magistrate Judge Braswell** expedite her recommendations to **Chief Judge Brimmer** regarding the sanctions motion to ensure timely resolution.

**RELIEF REQUESTED**

**Plaintiff respectfully requests that the Court:**

1. **Partially Lift the Stay:** Partially lift the stay imposed on September 9, 2024, to allow resolution of Plaintiff's pending Motion for Sanctions.
2. **Resume Procedural Timelines:** Reinstate the 21-day timeline for Defendant to respond to Plaintiff's Motion for Sanctions, unless the Court elects to rule on the motion without further input from Defendant.
3. **Permit Default Judgment Motion:** Allow Plaintiff to seek default judgment immediately if Defendant fails to respond to the sanctions motion within the prescribed timeline or if the Court rules on the motion.

**CONCLUSION**

The pending sanctions motion leads directly to default judgment if granted or unanswered, making it a **dispositive** matter requiring **Chief Judge Brimmer's** oversight. The stay, while initially intended to address substantive issues, has been used by Defendant to delay accountability and obstruct procedural fairness.

Partially lifting the stay for the limited purpose of addressing the sanctions motion ensures procedural **integrity**, **judicial efficiency**, and **fairness** for all parties. Plaintiff respectfully requests that this motion be granted to allow the case to proceed toward timely resolution.

---

**Respectfully submitted,**

*Colton John Harris*

Colton John Harris

3100 Wood Ave, Lot G17

Colorado Springs, CO 80907

Email: thecoltonjohn@gmail.com

Date: [11-30-2024]