IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01508-PAB-MDB

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC., a Delaware corporation,

    Defendant.

## MINUTE ORDER

**Entered by Chief Judge Philip A. Brimmer**

    This matter is before the Court on Plaintiff's Objection to Status Conference and Request for Written Documentation of Procedural Matters (December 17, 2024) [Docket No. 124]. Mr. Harris, who is proceeding pro se, filed his objection on December 12, 2024.

    On December 3, 2024, Magistrate Judge Dominguez Braswell scheduled a hearing for January 27, 2025 to address all then-pending motions: Defendant Take-Two Interactive Software, Inc.'s ("Take-Two") motion to dismiss, Docket No. 76, and Mr. Harris's First Motion for Sanctions, Docket No. 96, Second Motion for Sanctions, Docket No. 100, Motion for Emergency Preservation Order, Docket No. 101, and Emergency Motion for Default Judgment, Docket No. 102. Docket No. 105. After Magistrate Judge Dominguez Braswell scheduled the January 27 hearing, Mr. Harris filed the following motions: Supplementary Brief in Support of Motion for Sanctions, Docket No. 106, Request for Reconsideration of Clerk's Denial of Entry of Default, Docket No. 113, Supplemental Clarification to Doc. 113: Request for Reconsideration of Clerk's Denial of Entry of Default, Docket No. 116, and Motion to Exclude Electronic Evidence, Docket No. 120. Furthermore, Mr. Harris filed the following objections: Objection to Minute Order (Doc. 105) on Procedural Handling of Motions, Docket No. 109, Objection to Minute Order (Doc. 112) by Chief Judge Brimmer, Docket No. 115, Procedural Objection to Clerk's Note Regarding Default (Doc. 111), Docket No. 117, and the instant objection, Docket No. 124. Judge Dominguez Braswell scheduled a status conference for December 17, 2024. Docket No. 123.

    Mr. Harris argues that a status conference is unnecessary because the status of the case is "procedurally clear" based on the motions and objections he has filed and

the federal rules that "establish clear procedural deadlines." Docket No. 124 at 2–5. He further argues that a "verbal discussion" at the status conference is inadequate to ensure "transparency, accountability, and compliance with procedural safeguards," while "written rulings would provide greater clarity, transparency, and fairness." *Id*. at 4, 6. Mr. Harris also argues that, as a "disabled pro se litigant," he is "entitled to the same procedural fairness as represented parties." *Id*. at 6. Because Mr. Harris is proceeding pro se, the Court will construe his pleadings liberally without serving as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A magistrate judge's order on a non-dispositive motion can be modified or set aside by the district judge if found to be clearly erroneous or contrary to law. *Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1519 (10th Cir. 1995). Therefore, the Court must "affirm unless it '. . . is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458,1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Mr. Harris fails to identify a clear legal error that Magistrate Judge Dominguez Braswell made in setting a status conference. It is within a magistrate judge's discretion whether to hold a status conference. *See United States v. Michigan*, 422 F. Supp. 2d 808, 810 (E.D. Mich. 2006). Mr. Harris filed eight motions in the span of nine days. In light of this, the Court finds that Magistrate Judge Dominguez Braswell is well within her discretion to hold a status conference. To the extent that Mr. Harris argues that any ruling Magistrate Judge Dominguez Braswell may make during the status conference would lack clarity, create inequity, or prejudice Mr. Harris, that argument is based on speculation and provides no support for his motion.

Therefore, it is

**ORDERED** that Plaintiff's Objection to Status Conference and Request for Written Documentation of Procedural Matters (December 17, 2024) [Docket No. 124] is **OVERRULED.**

DATED December 13, 2024.