IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

| | |
|---|---|
| Civil Action No: 24-cv-01508-PAB-MDB | Date: December 17, 2024 |
| Courtroom Deputy: E. Lopez Vaughan | FTR: Courtroom 101 |

*Parties:* | *Counsel:*

Colton John Harris | Pro se

   Plaintiff,

v.

Take-Two Interactive Software, Inc. | Carolyn Juarez

   Defendant.

## COURTROOM MINUTES

**STATUS CONFERENCE**

**1:04 p.m.     Court in session.**

Court calls case. Appearances of counsel.

This matter is before the Court *sua sponte* and in advance of the Motion Hearing set for <u>January 27, 2025</u> to discuss Plaintiff's pending motions filed since November 12, 2024 and referred to this Court by the presiding judge (see ECF No.'s 96 (supplemented at 106), 100, 101, 102, 107, 113, 116 and 120).

The Court first describes Plaintiff's pending motions, organizing his concerns into three categories: 1) concern over the use of purported evidence (a screenshot) in the motion to dismiss briefing; 2) concern over Defendant still not responding to the motion filed at (96) and the Court's decision to extend the response deadline and order consolidated briefing; and 3) concerns about preservation of evidence, given Defendant's recent launch of a new platform and the risk that data and evidence in the old platform will be lost.

The Court asks Plaintiff whether its understanding of his motions is accurate. Plaintiff affirms, but notes it is a high-level summary only. The Court invites Plaintiff to fill in important details and Plaintiff does.

Next, the Court explains the process, including its decision to extend the response deadline and direct a consolidated response from Defendant. The Court explains its desire to streamline the briefing in the face of multiple motions, and notes it anticipated additional activity given the history in this case.[1] Plaintiff expresses concern over the Court's use of the word "history," and its statements about anticipating additional activity. He further notes he is uncomfortable and concerned that important rules are not being followed. The Court offers additional information and explanation. Plaintiff is not satisfied. The Court determines it must move on to the next issue.

Regarding Plaintiff's concerns over the screenshot—the Court will wait for the response, but notes Plaintiff appears to have raised a valid concern (Defendant's reliance on purported evidence during the motion to dismiss phase). The motion to dismiss briefing is likely the most appropriate place to address this concern—and Plaintiff does appear to have raised the issue there—but the Court will nevertheless consider Plaintiff's motion(s) on this issue once fully briefed.

The Court next addresses the preservation of evidence issue. Defense counsel represents to the Court that all systems are backed up and back-ups are preserved. Defense counsel also confirms preservation directives have been issued. Plaintiff expresses dissatisfaction, noting a representation is not enough. The Court construes Plaintiff's comments as a motion for a preservation order and accordingly, it is

**ORDERED:**   Plaintiff's oral Motion is **GRANTED**. Defendant shall preserve the data and records discussed during this conference, through the disposition of this matter[2].

On Defendant's request for clarification, the Court confirms its consolidated response shall address:

- *Plaintiff's Motion for Sanctions Against Defendant* at ECF No. 96 (including *Supplementary Brief in Support of Motion for Sanctions* at ECF No. 106)
- *Second Motion for Emergency Sanctions for Spoliation of Evidence* at ECF No. 100
- *Motion for Emergency Preservation Order and to Address Spoliation* at ECF No. 101
- *Emergency Motion for Default Judgment* at ECF No. 102
- *Supplementary Motion for Default Judgment and Sanctions* at ECF No. 107
- *Request for Reconsideration of Clerk's Denial of Entry of Default* at ECF No. 113

---

[1] At the time of the Court's Order extending the response deadline and ordering a consolidated response (see ECF No. 105 addressing the three motions filed on the same date at ECF No.'s 100, 101 and 102), Plaintiff had filed four (4) motions that were referred to this Court by the presiding judge (see ECF No.'s 107 (see also ECF No. 108), ECF No. 113 (see also ECF No. 114), ECF No. 116 (see also ECF No. 118), and ECF No. 120 (see also ECF No. 121); letters to the Clerk regarding Entry of Default Judgment at ECF No.'s 110 (see also ECF No. 111) and ECF No. 119 (see also ECF No. 122),  contacted Nicholas Orlin in the Clerk's Office by phone, and emailed the documents filed at ECF No. 119 directly to my Courtroom Deputy.

[2] Given the Court's Order for preservation of evidence on the record, to the extent Plaintiff's Motion at ECF No. 101 seeks other relief, the Court has not ruled on such request(s), thus Defendant's response may address them.

- *Supplemental Clarification to Doc. 113: Request for Reconsideration of Clerk's Denial of Entry of Default* at ECF No. 116
- *Motion to Exclude Electronic Evidence* at ECF No. 120

Hearing concluded.

**1:46 p.m.     Court in recess.**

Total in-court time    00:42

**Post-Conference Notes:**
The Court set a conference in the hopes that providing Plaintiff additional information and an opportunity to be heard might be helpful. However, none of the Court's explanations appear to have satisfied Plaintiff, and during the conference it became increasingly clear that oral argument on the pending motions, currently set for January 27, 2025, will not be productive. Thus, the Court **VACATES** that hearing and will issue written rulings and recommendations after the motions are fully briefed.

Additionally, given Plaintiff's expressed dissatisfaction with the Court's rulings and intent to object to the same, and given his *pro se* status and concerns with the process, the Court will issue a separate Order for a transcript of this hearing. The transcript will be available at no cost to Plaintiff, so he has a full and fair opportunity to object to any of the Court's rulings today.

*To order transcripts of hearings, please contact Patterson Transcription Company at (303) 755-4536 or AB Court Reporting & Video, Inc. at (303) 629-8534.