IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-1508-MDB

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.
a Delaware corporation,

    Defendant.

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO MINUTE ORDER ON PROCEDURAL HANDLING OF MOTIONS**

---

Plaintiff objects to the Magistrate Judge's Order setting a hearing on all then-pending motions on January 27, 2025, and directing Defendant Take-Two Interactive, Inc. ("Take-Two") to file a combined response to four of Plaintiff's motions by January 8, 2024 (the "Order"). ECF Nos. 105, 109. However, the Order is well within the Magistrate Judge's discretion to manage the Court's docket and does not prejudice Plaintiff, so Plaintiff's objection should be overruled.

**I.    Background**

Plaintiff filed his First Motion for Sanctions on November 12, 2024 (the "Motion for Sanctions"). ECF No. 96. Under D.C.COLO.LCivR 7.1(d) and Fed. R. Civ. P. 6(a)(4), Take-Two's response to the Motion for Sanctions was due 21 days later, by midnight (Mountain Time) on December 3, 2024. Before Take-Two could file its response, Plaintiff filed four more motions:

- First Motion to Lift Stay Motion to Partially Lift the Stay for Procedural Resolution, on November 30, 2024 (ECF No. 98) (denied as moot);

1

- Second Motion for Sanctions Second Motion for Emergency Sanctions for Spoliation of Evidence at 4:34am on December 3, 2024 (ECF No. 100);

- First Motion for Order to Motion for Emergency Preservation Order and to Address Spoliation at 5:00am on December 3, 2024 (ECF No. 101);

- First Motion for Judgment Emergency Motion for Default Judgment at 5:40am on December 3, 2024 (ECF No. 102)

The Chief Judge referred all four motions to the Magistrate Judge for determination. ECF No. 104. Subsequently, the Magistrate Judge issued the Order. ECF No. 105. Plaintiff objected to the Order (ECF No. 109; "Objection") and the Court ordered Take-Two to respond to Plaintiff's Objection by December 23, 2024. ECF No. 112.[1] In the meantime, Plaintiff filed several additional motions and requests for entry of default, and the Magistrate Judge set a Status Conference for December 17, 2024. ECF No. 123.[2] During the Status Conference, the Magistrate Judge explained to Plaintiff that the Court decided to direct a consolidated response from Take-Two to "streamline the briefing in the face of multiple motions[.]" ECF No. 129. The Court then ordered that Take-Two's consolidated response address all eight motions pending at the time of the Status Conference. *Id*.

## II.   Response to Objection

Plaintiff's Objection appears to argue that the Order (1) is procedurally improper because it effectively extends Take-Two's deadline to respond to the motions, without any motion from Take-Two for an extension; and (2) prejudices Plaintiff by delaying determination on Plaintiff's requests for substantial monetary sanctions due to alleged procedural violations (Take-Two's

---

[1] Plaintiff then objected to the Court's order ordering Take-Two to respond to Plaintiff's Objection, which Plaintiff has since withdrawn. ECF Nos. 115, 126, and 127.

[2] Plaintiff also objected to the order setting a Status Conference, which the Chief Judge overruled. ECF Nos. 124 and 125.

submission of a screenshot with a reply brief) and preservation of evidence related to Take-Two's announcement of a redesigned software platform. ECF No. 109.

It is well-settled that courts have broad discretion to manage their dockets and their decisions to do so are reviewed only for abuse of discretion. *U.S. v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993); *see also Wyles v. Brady*, 822 F. App'x 690, 696 (10th Cir. 2020) ("[the Court] will not interfere with the trial court's exercise of its discretion to control its docket and dispatch its business except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the plaintiff") (internal citation omitted).

D.C.COLO.LCivR 7.1 states that responses to motions are due 21 days after the date of service, "or such lesser or greater time as the court may allow[.]"  Fed. R. Civ. P. 6(b)(1)(A) states that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts…before the original time or its extension expires[.]" (emphasis added). Here, the Court determined that there was good cause ("streamlining the briefing in the face of multiple motions") and issued its Order prior to the expiration of Take-Two's deadline to respond to those motions (including the deadline to respond to the Motion for Sanctions, which expired later that day at midnight). Accordingly, the Court's Order complies with the Federal Rules of Civil Procedure and is procedurally proper.

Plaintiff argues that he will suffer prejudice from the Order due to the extended briefing schedule, which will delay determination of Plaintiff's requests for sanctions and preservation of evidence. Take-Two notes that Court's January 8, 2024 consolidated briefing deadline extended Take-Two's response to the Motion for Sanctions by five weeks and its responses to the other three motions by two weeks—a relatively short amount of time. Moreover, the Court already allowed

3

Plaintiff to file a surreply brief to address Take-Two's inclusion of the screenshot. ECF Nos. 91, 93, 94. Plaintiff then requested that the Court award Plaintiff tens of millions of dollars to sanction Take-Two for inclusion of the screenshot, but extending the deadline for Take-Two's response to that motion will not result in "actual and substantial prejudice" to Plaintiff. *Wyles*, 822 F. App'x 696. As to Plaintiff's concerns about preservation of evidence, although Take-Two was already preserving system backups related to the redesigned platform and its predecessor, including the underlying files stored on that system, the Court recently ordered Take-Two to "preserve the data and records discussed [at the Status Conference related to Take-Two's announcement of a redesigned software platform], through the disposition of this matter." ECF No. 129. Plaintiff will suffer no prejudice by the short extension to file a consolidated response to the eight pending motions.

### III.     Conclusion

The Magistrate Judge's Order is procedurally proper and well within the Court's discretion to manage its docket, and Plaintiff is not prejudiced by the relatively brief extension for Take-Two to submit a consolidated response to several pending motions. Accordingly, The Chief Judge should overrule Plaintiff's Objection.

DATED: December 20, 2024

        Respectfully submitted,

        By: */s/ Carolyn Juarez*
        Carolyn Juarez
        Neugeboren O'Dowd PC
        726 Front St., Ste. 220
        Louisville, CO 80027
        T: (720) 536-4900
        F: (720) 536-4910
        Email: carolyn@nodiplaw.com
        ATTORNEYS FOR DEFENDANT TAKE-TWO INTERACTIVE SOFTWARE, INC.

Case No. 1:24-cv-01508-PAB-MDB   Document 132   filed 12/20/24   USDC Colorado
pg 5 of 6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 20, 2024, a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO OBJECTION TO MINUTE ORDER ON PROCEDURAL HANDLING OF MOTIONS** was filed with the Clerk of Court using the CM/ECF system.

*/s/ Carolyn Juarez*
Carolyn Juarez