IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-01508-PAB-MDB

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC., a Delaware corporation,

    Defendant.

---

## ORDER

---

This matter comes before the Court on plaintiff Colton John Harris's Motion to Vacate Referrals to Magistrate Judge [Docket No. 142], Motion to Expedite Ruling on Plaintiff's Motion to Vacate Referrals to Magistrate Judge (Docket 142) [Docket No. 144], and Motion to Vacate and for Relief from Procedural Impropriety in the December 17, 2024 Hearing [Docket No. 145]. Take-Two did not file responses to the motions.

### I. BACKGROUND

On September 16, 2024, Mr. Harris filed his third amended complaint[1] against Take-Two Interactive Software, Inc. ("Take-Two"). Docket No. 73. Mr. Harris brings claims under the Computer Fraud and Abuse Act, the Colorado Consumer Protection Act, the Sherman Act, and the Clayton Act, and also claims for common law breach of

---

[1] On September 9, 2024, the magistrate judge granted Mr. Harris leave to file a third amended complaint. Docket No. 72 at 1.

privacy and unjust enrichment. *Id*. at 10–20, ¶¶ 23–68. Mr. Harris had an account on Take-Two's platform, CFX.re. *Id*. at 10, ¶¶ 24–27. Mr. Harris alleges that a Take-Two employee accessed the data associated with his CFX.re account without authorization and terminated his account. *Id*., ¶ 26.

Mr. Harris filed a motion for sanctions against Take-Two on November 12, 2024. Docket No. 96. On November 30, 2024, Mr. Harris filed a motion to lift a stay on the proceedings, Docket No. 98, that had taken effect on September 9, 2024. Docket No. 72. On December 3, 2024, Mr. Harris filed a second motion for sanctions against Take-Two. Docket No. 100. That same day, Mr. Harris filed a motion for an emergency order for preservation of evidence, Docket No. 101, and a motion for default judgment. Docket No. 102. Under D.C.COLO.LCivR 7.1(d), Take-Two had until December 3, 2024 to respond to Mr. Harris's November 12 motion for sanctions. However, on December 3, 2024, Magistrate Judge Maritza Dominguez Braswell ordered Take-Two to respond to the motions for sanctions, the motion for emergency preservation order, and the motion for default judgment (collectively, the "November/December motions") no later than January 8, 2025. Docket No. 105. Judge Dominguez Braswell scheduled a hearing on these motions for January 27, 2025. *Id*. Judge Dominguez Braswell also denied Mr. Harris's motion to lift the stay as moot because granting the motion was unnecessary for her consideration of the motions. *Id.*

On December 10, 2024, Mr. Harris filed a motion for entry of default against Take-Two. Docket No. 110. The Clerk of Court declined to enter default against Take-Two because the deadline for Take-Two to respond to Mr. Harris's motion for sanctions had not yet passed. Docket No. 111.

2

On December 17, 2024, Judge Dominguez Braswell held a status conference, Docket No. 129, to better understand Mr. Harris's filings.  Docket No. 148 at 2:5–3:20.  Judge Dominguez Braswell explained that she understood Mr. Harris's filings to be addressing the following: 1) Take-Two's inclusion of a screenshot in its reply in support of its motion to dismiss; 2) the need to preserve evidence from a previous version of Take-Two's platform; and 3) Take-Two's failure to respond to Mr. Harris's first motion for sanctions by December 3, 2024 and Judge Dominguez Braswell moving the response deadline for all the November/December motions, including the motion for sanctions, to January 8, 2025.  *Id*. at 3:23–5:9.

At the December 17, 2024 status conference, Judge Dominguez Braswell indicated that Mr. Harris's concerns regarding the screenshot would be addressed in the court's ruling on Take-Two's motion to dismiss.  *Id*. at 17:4–18.  Regarding the preservation motion, Take-Two confirmed that it would "continue to maintain backups in the ordinary course of business," which includes the previous version of Take-Two's platform.  *Id*. at 22:16–18; 23:6–12.  Judge Dominguez Braswell construed Mr. Harris's arguments as a motion for an order of preservation of evidence and granted that motion.  *Id*. at 25:5–10.  The court ordered Take-Two to "preserve and maintain all records and potential evidence in this litigation as described by Mr. Harris on the record."  *Id.* at 25:10–13.  Regarding the court's extension of the response deadline, Judge Dominguez Braswell explained that she extended the response deadline under Fed. R. Civ. P. 6(b) because a court has the discretion to so do for good cause.  *Id*. at 10:13–21.  Judge Dominguez Braswell found that it was in the interest of judicial economy for Take-Two to respond to all of Mr. Harris's motion by January 8, 2025,

3

rather than Take-Two filing individual responses to all of Mr. Harris's motions.  *Id*. at 10:22–11:13.  The court explained that it "would be much more orderly to push this up, give [Take-Two] an opportunity to respond to everything all at once rather than peppering with responses, and then give [Mr. Harris] a reply deadline, and then also give [Mr. Harris] a hearing."  *Id.* at 11:5–9.

## II.   ANALYSIS

The Court addresses the three motions noted on the first page of this order in turn.  Because Mr. Harris is proceeding pro se, the Court will construe his pleadings liberally without serving as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### A.  Motion to Vacate Referrals to Magistrate Judge

Mr. Harris moves to have this case "handled under the full control of the District Judge."  Docket No. 142 at 2.  Mr. Harris purports to "withdraw consent to the magistrate judge's jurisdiction" under Fed. R. Civ. P. 73(b)(2).  *Id.*  Although parties to a civil case may consent to a magistrate judge having jurisdiction to conduct all proceedings in the case, the parties did not do so here.  Docket No. 33.  However, Mr. Harris's consent is not required for the district court to refer non-dispositive motions to Judge Dominguez Braswell.  *See* Fed. R. Civ. P. 72(a); 28 U.S.C. §§ 636(b)(1)(B)-(C); *see also Matios v. City of Loveland*, 2023 WL 4145905, at *3 (10th Cir. June 23, 2023).  Mr. Harris may object to any adverse rulings or recommendations by Judge Dominguez Braswell and such objections will be decided by an Article III judge pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1).  Accordingly, the Court denies Mr. Harris's motion.

### B. Motion to Expedite Ruling on Motion to Vacate Referrals to Magistrate Judge

Mr. Harris moves to expedite the Court's ruling on Mr. Harris's motion to vacate referrals to the magistrate judge. Docket No. 144 at 1. Because the Court rules on Mr. Harris's motion through this order, the Court will deny Mr. Harris's motion as moot.

### C. Motion to Vacate and for Relief from Procedural Impropriety in the December 17, 2024 Hearing

The Court construes Mr. Harris's Motion to Vacate and for Relief from Procedural Impropriety in the December 17, 2024 Hearing, Docket No. 145, as an objection pursuant to 28 U.S.C. § 636(h)(1) because Mr. Harris asks for relief from the Court based on Judge Dominguez Braswell's "rulings" and "actions" during the December 17, 2024 status conference. *Id*. at 7. Specifically, Mr. Harris argues that the "preservation order" Judge Dominguez Braswell issued "should not stand." *Id*.

The district court reviews a magistrate judge's order on a non-dispositive motion under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently. *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). The clearly erroneous standard requires a district court to affirm a magistrate judge's decision unless, "on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). "Under the 'contrary

5

to law' standard, the reviewing court sets aside the magistrate order only if it applied an incorrect standard or applied the appropriate legal standard incorrectly." *Swan Glob. Invs., LLC v. Young*, No. 18-cv-03124-CMA-NRN, 2019 WL 2171457, at *3 (D. Colo. May 17, 2019) (internal quotations, alterations, and citations omitted).

Mr. Harris moves for "relief from all actions and rulings stemming from the [December 17, 2024] hearing." Docket No. 145 at 2. Mr. Harris argues that Judge Dominguez Braswell violated his Fifth Amendment rights by proceeding with the December 17, 2024 status conference despite not having ruled on Mr. Harris's filing at Docket No. 109. *Id*. Specifically, Mr. Harris argues that it was improper for Judge Dominguez Braswell to grant the motion for evidence preservation, request a transcript, and maintain the January 8, 2025 response deadline while Docket No. 109 was pending. *Id*. at 3.

In Docket No. 109, which is called "Objection to Minute Order (Doc. 105) on Procedural Handling of Motions," Mr. Harris argues that it was improper for Judge Dominguez Braswell to schedule a motions hearing on January 27, 2025 to consider all of the November/December motions at one time. Docket No. 109 at 3. He also argues that Judge Dominguez Braswell violated Fed. R. Civ. P. 6(b)(1) by extending the response deadline to January 8, 2025. *Id*. Mr. Harris argues that it was improper for Judge Dominguez Braswell to deny his motion to lift the stay as moot. *Id*. at 2. The Court construes Docket No. 109 as a motion for reconsideration directed to Judge Dominguez Braswell because Mr. Harris does not ask for relief from this Court. *See id*. at 6–7. Rather, Mr. Harris asks for "clarification" of Judge Dominguez Braswell's denial of Mr. Harris's motion to lift the stay and clarification on the "procedural basis for

6

extending the deadline to January 27, 2025, without a request or justification from the Defendant." *Id*. at 6. Mr. Harris asks that the court "enforce compliance" with "Fed. R. Civ. P. 6(d) deeming the Defendant's failure to respond within 21 days a waiver of their right to oppose [the] motion." *Id*. at 7. Mr. Harris further asks for "expedited consideration and separate rulings" on the November/December motions that are before Judge Dominguez Braswell. *Id*.

In his motion to vacate, Mr. Harris does not explain why his pending motion for reconsideration, Docket No. 109, "taint[ed]" all "rulings and actions stemming" from the December 17, 2024 status conference. Docket No. 145 at 3. Mr. Harris appears to argue that Judge Dominguez Braswell should have stayed the December 17, 2024 status conference until the court ruled on Mr. Harris's motion for reconsideration. It is within a magistrate judge's discretion to hold a status conference. *See United States v. Mich.*, 422 F. Supp. 2d 808, 810 (E.D. Mich. 2006). Mr. Harris cites no authority for the proposition that it was clearly erroneous or contrary to law for Judge Dominguez Braswell to exercise her discretion to hold a status conference while a motion for reconsideration was pending. Accordingly, the Court overrules Mr. Harris's objections and denies the Motion to Vacate and for Relief from Procedural Impropriety in the December 17, 2024 Hearing [Docket No. 145].

III. **CONCLUSION**

Therefore, it is

**ORDERED** the Motion to Vacate Referrals to Magistrate Judge [Docket No. 142] is **DENIED.** It is further

7

**ORDERED** the Motion to Expedite Ruling on Plaintiff's Motion to Vacate Referrals to Magistrate Judge (Docket 142) [Docket No. 144] is **DENIED.**  It is further

**ORDERED** the Motion to Vacate and for Relief from Procedural Impropriety in the December 17, 2024 Hearing [Docket No. 145] is **DENIED** and the objections in the motion are **OVERRULED.**

DATED January 24, 2025

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge