IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-1508-MDB

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.
a Delaware corporation,

    Defendant.

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION
RE: DEFENDANT'S COMPLIANCE WITH PAGE LIMITS**

---

    Defendant Take-Two Interactive, Inc. ("Take-Two") hereby provides its response to Plaintiff's Objection to Defendant's Non-Compliance with Page Limits (the "Objection"; ECF No. 139), which purports to state an objection that Defendant's Consolidated Response to Plaintiff's Motions for Sanctions, Preservation Order, Default Judgment, and Exclusion of Evidence (the "Consolidated Response"; ECF No. 138) exceeded the number of pages permitted by Section III.A. of Judge Brimmer's Practice Standards (the "Practice Standards"). For purposes of this response, Defendant construes Plaintiff's Objection as a Motion to Strike the Consolidated Response.

    It is unclear from Plaintiff's Objection why he believes that the Consolidated Response exceeds the Court's page limitation: he simply states that the Consolidated Response "exceeds the page limits" and is "overlength." Regardless, Plaintiff's Objection is unfounded. The Practice

1

Standards state that, excluding motions for summary judgment, "[a]ll motions, objections…responses, and briefs shall not exceed fifteen pages" and "[m]options and briefs shall be combined and will be considered one paper for purposes of computing page limitations. These page limitations include the cover page, jurisdictional statement, statement of facts, procedural history, argument, authority, closing, signature block, and all other matters, except the certificate of service." Practice Standards, Section III.A. Excluding the certificate of service, Defendant's Consolidated Response is twelve and a half pages long, well within the Court's page limitation.

To the extent Plaintiff incorrectly included the Declaration of Andrew Ungberg (the "Declaration") submitted with the Consolidated Response when calculating the length of the brief, Plaintiff's Objection is still unfounded. Excluding the certificate of service, the Declaration is less than two and a quarter pages long. Adding the length of the Consolidated Response (twelve and a half pages) to the Declaration (two and a quarter pages) totals less than the fifteen page limitation in the Practice Standards.

Finally, even if Plaintiff's Objection were well-founded, Plaintiff's request for relief has no basis. As a remedy for Defendant's alleged violation of the page limitation, Plaintiff requests that the Court strike the Consolidated Response and rule in favor of Plaintiff on all eight motions addressed by the Consolidated Response, including his motions for monetary and evidentiary sanctions and entry of default judgment and a damages award exceeding $50 million. Such a drastic remedy for violation of a Court's page limitation would be astounding and, indeed, Plaintiff cites no authority to support his request.

Accordingly, Take-Two respectfully requests that Plaintiff's Objection be overruled and his requested relief denied.

DATED: January 30, 2025

    Respectfully submitted,

    By: */s/ Carolyn Juarez*
    Carolyn Juarez
    Neugeboren O'Dowd PC
    726 Front St., Ste. 220
    Louisville, CO  80027
    T: (720) 536-4900
    F: (720) 536-4910
    Email:  carolyn@nod-law.com
    ATTORNEYS FOR DEFENDANT TAKE-TWO INTERACTIVE SOFTWARE, INC.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on January 30, 2025, a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION RE: DEFENDANT'S COMPLIANCE WITH PAGE LIMITS** was filed with the Clerk of Court using the CM/ECF system.

                                          */s/ Carolyn Juarez*
                                          Carolyn Juarez