IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01508-PAB-MDB

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

    Defendant.

---

## MINUTE ORDER

---

**Entered by Chief Judge Philip A. Brimmer**

    This matter is before the Court on Plaintiff's Motion for Clarification Regarding Order (Docket No. 162) [Docket No. 163] and Plaintiff's Emergency Motion for Hearing Before Chief Judge Philip A. Brimmer [Docket No. 164]. Because plaintiff Colton John Harris is proceeding pro se, the Court will construe his filings liberally without serving as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    The Court will first consider Mr. Harris's Emergecy Motion. Mr. Harris requests a hearing to "address urgent due process violations, procedural misconduct, and significant irregularities that require immediate judicial oversight" pursuant to the Court's "inherent authority under 28 U.S.C. § 1651(a) (All Writs Act) and Fed. R. Civ. P. 16(a)(3) to convene hearings on urgent procedural issues." Docket No. 164 at 1-2. Mr. Harris argues that "due process requires a meaningful opportunity to be heard before deprivations of rights occur" and that "[u]nreasonable procedural delays and unequal application of judicial rulings constitute a direct violation of due process rights." *Id.* at 2. It appears that he seeks a hearing on the basis of arguments that he has already presented in numerous filings and that are pending before Magistrate Judge Dominguez Braswell. *See, e.g.,* Docket Nos. 96, 100, 101, 102, 109, 113, 117, 120, 135, 137, 139, 152, 160. Mr. Harris cites no authority for the proposition that any delay in ruling on these motions entitles him to a hearing.[1] The decision to hold pretrial proceedings "is a matter which rests within the discretion of the district court." *Hayden v. Chalfant Press, Inc.*, 281 F.2d 543, 544 (9th Cir. 1960). The Court finds that no "emergency" hearing is required.

---

    [1] On December 17, 2024, Magistrate Judge Dominguez Braswell held a status conference to better understand Mr. Harris's filings and address his concerns. Docket No. 129.

In his motion for clarification, Mr. Harris requests that the Court clarify whether "Defendant may rely on the inaccurate statements in Docket No. 155 in future proceedings," "[i]ssue a formal correction," and "[e]xplicilty state that Defendant may not rely on the acknowledged inaccuracies." Docket No. 163 at 3. In its February 10, 2025 Order, the Court stated that "there will be no prejudice to Mr. Harris." Docket No. 162 at 2. Mr. Harris has identified no basis for clarification and no basis to believe he will be prejudiced. Accordingly, the Court will deny his motion for clarification.

Wherefore, it is

**ORDERED** that Plaintiff's Motion for Clarification Regarding Order (Docket No. 162) [Docket No. 163] is **DENIED.** It is further

**ORDERED** that Plaintiff's Emergency Motion for Hearing Before Chief Judge Philip A. Brimmer [Docket No. 164] is **DENIED.**

DATED February 13, 2025.