IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-1508-MDB

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.
a Delaware corporation,

    Defendant.

---

### DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO STRIKE TRANSCRIPT

---

Plaintiff objects to the Court's Order ordering a transcript of the December 17, 2024 hearing and requests that the transcript be stricken from the docket based on general objections involving the potential appearance of bias and procedural irregularities.[1] ECF No. 152. However, the Order is well within the Court's discretion to manage the docket and Court records, will assist the Court in deciding several of Plaintiff's pending motions and objections, and does not prejudice Plaintiff, so the Court should deny Plaintiff's request.

On December 17, 2024, the Court held a Status Conference to discuss several motions filed by Plaintiff. ECF No. 129. During the Status Conference, Plaintiff expressed dissatisfaction with the Court's discussion regarding the pending motions, his objections to the Court's consolidation

---

[1] The procedural basis for Plaintiff's request to strike the transcript is unclear.

1

of briefing on those motions, general concerns about the judicial process, and indicating that he might object to the Status Conference.[2] *Id*. As a result, the Court issued an Order for a transcript of the Status Conference. *Id*. Given Plaintiff's *pro se* status, which he has raised on several occasions, the Court made the transcript available at no cost to him rather than requiring him to pay a fee to the court reporter or transcription company for it. *Id.* Accordingly, the Court Clerk mailed a copy of the transcript to Plaintiff.[3] ECF No. 151. Defendant also has access to a copy of the transcript by ordering it from the court reporter or transcription company. ECF No. 129 at 3.

It is well-settled that courts have broad discretion to manage their dockets and their decisions to do so are reviewed only for abuse of discretion. *U.S. v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993); *see also Wyles v. Brady*, 822 F. App'x 690, 696 (10th Cir. 2020) ("[the Court] will not interfere with the trial court's exercise of its discretion to control its docket and dispatch its business except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the plaintiff") (internal citation omitted). Moreover, all courts have supervisory powers over their own records and files. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598 (1978); *Crystal Grower's Corporation v. Dobbins,* 616 F.2d 458, 461 (10th Cir. 1980). Thus, the Court's Order ordering the transcript is procedurally proper and well within the Court's discretion to manage its docket. Plaintiff is not prejudiced by the ordering or entry of the transcript—in fact, it may assist the Court with resolving Plaintiff's objections. Accordingly, the Court should deny Plaintiff's motion to strike the transcript.

---

[2] Plaintiff objected to the Courtroom Minutes, specifically, whether they accurately reflected the discussion at the Status Conference. ECF No. 137.
[3] Plaintiff also raises objections to the Court Clerk's entry of the transcript on the docket, which appear to result from a misunderstanding of the Court Clerk's role. ECF No. 152 at 5-6.

DATED:  February 13, 2025

          Respectfully submitted,

          By: */s/ Carolyn Juarez*
          Carolyn Juarez
          Neugeboren O'Dowd PC
          726 Front St., Ste. 220
          Louisville, CO  80027
          T: (720) 536-4900
          F: (720) 536-4910
          Email:  carolyn@nodiplaw.com
          ATTORNEYS FOR DEFENDANT TAKE-TWO INTERACTIVE SOFTWARE, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 13, 2025, a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO EMERGENCY MOTION TO STRIKE TRANSCRIPT** was filed with the Clerk of Court using the CM/ECF system.

*/s/ Carolyn Juarez*
Carolyn Juarez

4