IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-1508

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

a Delaware corporation,

    Defendant.

---

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER (Dkt. 165)**

---

**Plaintiff, Colton John Harris, respectfully submits this Motion for Reconsideration of the Court's Order (Dkt. 165), which mischaracterized the basis for Plaintiff's Emergency Motion for Hearing (Dkt. 164).**

**I. INTRODUCTION**

The Court erroneously stated that Plaintiff's Emergency Motion sought to reargue past motions. However, this is incorrect. Plaintiff's motion was filed to raise urgent, new procedural concerns that the Court has yet to rule upon, as well as to present relevant new case law. Specifically:

- Take-Two's unauthorized enforcement of **third party intellectual property rights it does not own**, making their motion to dismiss **frivolous** and a burden on the court.

- The Court's disparate treatment of Plaintiff's motions versus Defendant's motions.

- The Court's failure to rule on motions pending over 90 days, and failure to follow its own promised January 27th deadline for rulings—despite the motions being fully briefed and ripe for adjudication—violates due process.

## II. LEGAL STANDARD FOR RECONSIDERATION

Reconsideration is necessary where the Court misapprehended the facts, mischaracterized a party's position, or issued a ruling contrary to precedent. **See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)** ("A motion for reconsideration is proper when the court has misapprehended the facts, a party's position, or the controlling law."). Here, the Court's mischaracterization of Plaintiff's Emergency Motion has resulted in procedural prejudice by **wrongly treating new issues as previously resolved** when no ruling has been issued.

## III. ARGUMENT

### A. The Court Mischaracterized Plaintiff's Emergency Motion

The Court's **own rulings contradict its reasoning in Dkt. 165.** Specifically:

- While Defendant's motions, such as the motion to stay, are ruled on within 45 days, Several of Plaintiff's motions remain unresolved for 90+ days. This contradicts the Court's claim that these matters were previously addressed.

- If the Court truly believed these issues were resolved, it would have issued rulings on the pending motions rather than **denying a hearing while refusing to rule.**

Specifically, Plaintiff sought to:

1. Challenge Take-Two's unauthorized enforcement of a **third party IP right it does not own**, making the motion to dismiss **frivolous** and burdening the court which needs no further delay.

    - Under **Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118 (2014)**, only the actual **IP rights holder** or an explicitly **authorized licensee** may bring an enforcement action. **Take-Two has failed to prove it meets either criterion.**

2. **Address procedural misconduct and delays favoring Defendant**

    - Plaintiff's motions have been ignored for over **90 days** with no rulings.

3. **Ensure that due process is upheld in handling Plaintiff's motions**

    - The Court has issued rulings favoring Defendant while failing to address Plaintiff's pending motions, some of which include fraud on the court.

    - Under **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944),** courts have a duty to correct fraud even when a party does not formally raise it.

**B. The Court Has Delayed Plaintiff's Motions While Prioritizing Defendant's**

**Multiple motions have been pending well beyond 90 days, demonstrating a clear disparity in how motions are being handled:**

- **Dkt. 96** – First Motion for Sanctions (Filed: 11/12/2024) – *Memorandum* (Dkt. 104) – **Pending 93 days**

- **Dkt. 100** – Second Motion for Sanctions (Spoliation) (Filed: 12/03/2024) – *Memorandum* **(Dkt. 104)** – **Pending 72 days**

- **Dkt. 102** – Emergency Motion for Default Judgment (Filed: 12/03/2024) – *Memorandum* **(Dkt. 104)** – **Pending 72 days**

- **Dkt. 107** – Supplementary Motion for Default Judgment & Sanctions (Filed: 12/08/2024) – *Memorandum* **(Dkt. 108)** – **Pending 67 days**

- **Dkt. 109** – Objection to Procedural Handling (Filed: 12/10/2024) – *No Memorandum* – **Pending 65 days**

- **Dkt. 116** – Supplemental Clarification for Reconsideration of Default (Filed: 12/10/2024) – *Memorandum* (Dkt. 118) – **Pending 65 days**

- **Dkt. 120** – Motion to Exclude Electronic Evidence (Filed: 12/11/2024) – *Memorandum* **(Dkt. 121)** – **Pending 64 days**

- **Dkt. 135** – Motion to Stay Pending Resolution of Objection (Filed: 12/26/2024) – *No Memorandum* – **Pending 49 days**

- **Dkt. 137** – Objection to Courtroom Minutes (Filed: 12/31/2024) – *No Memorandum* – **Pending 44 days**

- **Dkt. 152** – Emergency Motion to Strike Unauthorized Transcript (Filed: 01/23/2025) – Memorandum (Dkt. 154) – **Pending 21 days**

- **Dkt. 160** – Emergency Motion for Rule 11 Sanctions (Filed: 02/10/2025) – *Memorandum* **(Dkt. 161)** – **Pending 3 days.**

- The 10th Circuit and federal courts generally recognize **30-60 days as a reasonable timeframe for ruling on pending motions.** See **McKnight v. Comm'r, 559 F.3d 622, 625 (10th Cir. 2009)** (**unreasonable delays violate due process**).

**Plaintiff's motions have now been pending for over 90+ days,** while Defendant's motions, such as the motion to stay, have been ruled upon promptly. This is an **unequal application of procedural justice** that violates **28 U.S.C. § 636(b)(1)** and **Fed. R. Civ. P. 72.** Additionally, the court ruled on notices that didn't need rulings instead of ruling on the motions that are central to the case.

**The Court's Own Ruling in Dkt. 165 Confirms This Disparity**

In Dkt. 165, the Court dismissed Plaintiff's Emergency Motion for Hearing (Dkt. 164) on the grounds that the issues had already been raised in prior motions. However, this conclusion is incorrect, as multiple motions raising these concerns remain pending with no ruling. If the Court had truly addressed these issues, it would have ruled on the outstanding motions instead of dismissing Plaintiff's request for a hearing. Instead, the Court's inaction continues to delay resolution, creating an unfair procedural imbalance that benefits Defendant. Furthermore, the Court states that there is **"no prejudice"** to Plaintiff (Dkt. 165 at 2), but the very act of delaying Plaintiff's motions while resolving Defendant's creates **substantial prejudice**. Courts have consistently held that **prolonged**, **unjustified delays** in ruling on motions violate **28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72**, as well as **due process principles**. By **failing to rule** on Plaintiff's motions while prioritizing Defendant's, the Court has effectively **deprived Plaintiff of meaningful access to justice**.

**C. No Party Is Delaying This Case Except the Court's Own Inaction**

The Court's order implies that Plaintiff is responsible for delays, but this is factually incorrect. The record shows that:

- The Court itself stated that on January 27, 2025, Magistrate Judge Dominguez Braswell would issue recommendations—yet no recommendations have been made, despite multiple motions being fully briefed and ripe for adjudication.
- Federal law does not permit indefinite delay on motions. See In re United States, 503 F.3d 638, 644 (7th Cir. 2007) (unexplained judicial delay is "functionally equivalent to denying relief without justification"). The court's justification of delaying rulings to streamline is contradictory and not sufficient as justification.

If there are delays in this case, **they stem from the Court's failure to rule on Plaintiff's motions in a timely manner, not from Plaintiff's actions.**
**Plaintiff has been denied the right to be heard because the Court refuses to rule on pending motions while denying a hearing. This constitutes a de facto due process violation under Mathews v. Eldridge, 424 U.S. 319 (1976)**

**D. The Court Has Failed to Follow Its Own Timeline for Rulings**

The Court stated that Magistrate Judge Dominguez Braswell would make a recommendation On January 27, 2025 regarding Plaintiff's pending motions. However, no recommendation has been issued as of today, further extending the unreasonable delay beyond what is legally acceptable.

The **10th Circuit** and most **federal courts recognize that 30-60 days** is the "**reasonable time**" frame for rulings on pending motions. Courts have consistently held that delays beyond this period can constitute **procedural misconduct** and a **violation of due process rights**.

By failing to issue the promised recommendation within the expected time frame "**reasonable time**", the Court has **further prejudiced Plaintiff** and **allowed Defendant to benefit** from continued **procedural delays**. This inaction **undermines judicial efficiency** and **raises serious**

**concerns about fairness** in these proceedings.

**E. The Court Has Authority to Rule Without Defendant's Response When Fraud is Evident**

Federal courts have the authority to act **sua sponte** (on their own) when **fraud is apparent** in the proceedings, even **without a response from the Defendant**. Fraud demands immediate judicial correction, even without a motion.

**1. Fraud is Grounds for Immediate Judicial Action**

Under **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)**, the U.S. Supreme Court established that fraud on the court "**is a wrong against the institutions set up to protect and safeguard the public**" and must be addressed by the judiciary, even if the parties do not bring it up. This ruling empowers the Court to take corrective action without waiting for a Defendant's response when fraud is apparent. Similarly, in **Chambers v. NASCO, Inc., 501 U.S. 32 (1991)**, the **Supreme Court reaffirmed** that courts have "**the inherent power to police themselves and to sanction bad-faith litigation conduct.**" This authority allows the Court to **take immediate action** to **prevent fraud from corrupting the judicial process**.

 **Take-Two's Procedural Conduct Raises Clear Red Flags**

> **The Court cannot ignore Defendant's fraudulent litigation conduct, which warrants immediate judicial action:**
>
> **1. Fraudulent Enforcement of IP**

- **Take-Two has never produced a contract proving ownership of the IP it seeks to enforce.**
- **Under Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), courts have a duty to correct fraud even when a party does not formally raise it.**

### 2. Take-Two's False Statements to the Court

- **Take-Two's attorneys have repeatedly made false representations regarding their enforcement authority, which is grounds for sanctions under Fed. R. Civ. P. 11(b).**
- **Courts have inherent authority to sanction bad-faith litigation conduct. See Chambers v. NASCO, Inc., 501 U.S. 32 (1991).**

### 3. The Court Must Act Sua Sponte

- **Fraud on the court requires judicial intervention even in the absence of a motion.**
- **Continuing to ignore these issues would mean the Court is complicit in procedural misconduct.**

When a party uses the judicial system to perpetrate fraudulent claims, the Court has a **duty to intervene immediately**—even in the absence of a formal opposition from the Defendant.

### 3. The Court Cannot Allow Continued Procedural Abuse

The **10th Circuit** and other federal courts have consistently ruled that judicial inaction in the face of clear fraud constitutes an **abuse of discretion**. Courts must ensure that fraudulent claims **do not unduly prolong litigation** or **prejudice the opposing party**. The delay in addressing Plaintiff's motions allows Take-Two to continue benefiting from its **misrepresentations** while Plaintiff's claims **remain stalled**.

### 4. Immediate Judicial Action is Warranted

Given that Take-Two has provided **no legal basis** for its enforcement actions and continues to **delay these proceedings**, The Court's continued inaction allows Take-Two to weaponize procedural delays, violating due process, and creating the appearance of judicial favoritism. The **law does not require Defendant's response** when the Court is **independently aware of fraud** and **misconduct**. By failing to act, the Court would be **allowing Take-Two to manipulate** these proceedings through **procedural gamesmanship**—something that both **Supreme Court and 10th Circuit precedent expressly forbid**.

### IV. REQUESTED RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **Grant this Motion for Reconsideration** and acknowledge that Plaintiff's Emergency Motion for Hearing was mischaracterized.
2. **Issue an order clarifying the basis of Plaintiff's hearing request,** recognizing the new and urgent issues raised.

**Respectfully submitted,**

*Colton John Harris*

3100 Wood Ave, Lot G17

Colorado Springs, CO 80907

Email: thecoltonjohn@gmail.com

DATED: **February 14, 2025**