**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-1508-MDB

COLTON JOHN HARRIS,

      Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.
a Delaware corporation,

      Defendant.

---

### DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

---

Defendant Take-Two Interactive, Inc. ("Defendant") hereby responds to Plaintiff Colton John Harris's Request for Judicial Notice. Dkt. No. 157.

Plaintiff requests that the Court take judicial notice of the absence of information, specifically that Defendant has not provided:

- SEC filings, regulatory approval, merger documentation, or contractual evidence confirming that Defendant acquired CFX.re/FiveM; and
- Contracts, agreements, or terms of service related to Plaintiff's account at the time of creation. *Id*. at 2.

Plaintiff also requests that the Court enter judicial notice that:

- Defendant has no ownership of FiveM and has no legal standing to enforce its terms of service against Plaintiff or standing in this case;
- Any alleged agreement between Plaintiff and Take-Two is unenforceable, null, and void;

1

- Defendant has no legal authority to control, suspend, or delete any FiveM accounts, including Plaintiff's, and all suspended accounts must be reinstated; and

- Defendant has no rights to take actions regarding FiveM accounts and the data or content associated with them. *Id*. at 3-4.

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is a means by which facts can be established as true in a court of law, without the normal requirements of proof by evidence.

In order for a fact to be judicially noticed pursuant to Rule 201, "indisputability is a prerequisite." *Hennessy v. Penril Datacomm Networks, Inc.,* 69 F.3d 1344, 1354 (7th Cir. 1995). That is, judicial notice should be exercised with great caution—the matter noticed must be of common and general knowledge, and it must be authoritatively settled and free from doubt or uncertainty. *See, e.g., Lussier v. Runyon,* 50 F.3d 1103 (1st Cir. 1995); *Korematsu v. United States,* 584 F. Supp. 1406, 1415 (N.D. Cal. 1984) ("Care must be taken that Rule 201 not be used as a substitute for more rigorous evidentiary requirements and careful fact finding.").

Plaintiff provides no documents supporting his request for judicial notice. Plaintiff states that "SEC filings, regulatory approvals, and merger documentation are subject to judicial notice because they come from government-regulated sources," but submits no such documentation with his Request for Judicial Notice. Dkt. No. 157. Plaintiff then claims that "courts have taken judicial notice of missing regulatory filings in cases involving corporate acquisitions and standing issues," but cites to no legal authority to support this statement. *Id*. at 4.

In fact, each of the matters that Plaintiff submits for judicial notice are disputed and, essentially, echo the requests for relief contained in his Third Amended Complaint (and other pleadings filed by Plaintiff) and his arguments in opposition to Defendant's Motion to Dismiss.[1] Taking judicial notice of the matters listed in Plaintiff's Request for Judicial Notice would be inappropriate and, therefore, the Court should deny Plaintiff's Request.

DATED: February 14, 2025

                                        Respectfully submitted,

                                        By: */s/ Carolyn Juarez*
                                        Carolyn Juarez
                                        Neugeboren O'Dowd PC
                                        726 Front St., Ste. 220
                                        Louisville, CO  80027
                                        T: (720) 536-4900
                                        F: (720) 536-4910
                                        Email:  carolyn@nod-law.com
                                        ATTORNEYS FOR DEFENDANT TAKE-TWO INTERACTIVE SOFTWARE, INC.

---

[1] Courts may take judicial notice during any stage of the proceeding, including the motion to dismiss stage, without converting the motion to dismiss to a motion for summary judgment. *See* 21 B C. Wright & K. Graham, Jr., Fed. Prac. & Proc. Evid. § 5110, at 294 & n.17 (2d ed. 2005); *Grynberg v. Koch Gateway Pipeline Co*., 390 F.3d 1276, 1279 n.1 (10th Cir. 2004)). Documents judicially noticed, however, should not be considered for the truth of the matters asserted therein. *See Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 14, 2025, a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE** was filed with the Clerk of Court using the CM/ECF system.

*/s/ Carolyn Juarez*
Carolyn Juarez

4