IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-1508

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

a Delaware corporation,

    Defendant.

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO REQUEST FOR JUDICIAL NOTICE**

Plaintiff, **Colton John Harris**, respectfully submits this reply in response to Defendant **Take-Two Interactive Software, Inc.'s** Response **(Dkt. 169)** to Plaintiff's **Request for Judicial Notice (Dkt. 157)**.

**I. UNDISPUTED FACT: DEFENDANT FAILED TO PROVIDE EVIDENCE IN ITS MOTION TO DISMISS**

The following **FACTS** remain undisputed:

- **FACT:** Defendant did **not** provide any **SEC filings, regulatory approvals, or merger documentation** proving ownership of CFX.re/FiveM in its **Motion to Dismiss**.

- **FACT:** Defendant did **not** provide any **contractual agreements, terms of service, or signed consent** governing Plaintiff's account or at the time of creation in its **Motion to Dismiss**.

- **FACT:** Defendant has no ownership of FiveM and has no legal standing to enforce its terms of service against Plaintiff or standing in this case, as **no such evidence** was provided in the **Motion to Dismiss**.

- **FACT:** Any alleged agreement between Plaintiff and Take-Two is unenforceable, null, and void, as **Defendant failed** to provide any contractual proof in its **Motion to Dismiss**.

- **FACT:** Defendant has **no legal authority to control**, **suspend**, or **delete** any FiveM **accounts**, **including Plaintiff's**, and all suspended accounts must be reinstated, as no legal basis for such authority was established in the **Motion to Dismiss**.

- **FACT:** Defendant has **no rights** to take actions regarding FiveM accounts and the data or content associated with them, as Defendant failed to submit any evidence supporting such claims in its **Motion to Dismiss**.

These **are not arguments or speculation**—these are **FACTS,** based on what **Defendant failed** to include in its **Motion to Dismiss**.

## II. DEFENDANT HAD ONE OPPORTUNITY TO ESTABLISH STANDING—AND FAILED

It was **Defendant's sole responsibility** to establish standing **in its Motion to Dismiss**—not later, not now, and not through post-hoc justifications.

- If Defendant believed it had contractual or ownership rights, it had the **obligation to prove it in the Motion to Dismiss—not after the fact**.
- The burden of proof is on **Defendant, not Plaintiff,** to establish legal standing.
- A party seeking to enforce a contract must **demonstrate its existence and enforceability**. See *Anderson v. EBY*, 998 F.2d 858, 864 (10th Cir. 1993).
- **The Supreme Court has consistently ruled that the burden of proof lies with the party asserting a right or claim.** Since Defendant is the party claiming ownership and contractual authority, it was Defendant's obligation to provide evidence supporting its claims in the Motion to Dismiss—not Plaintiff's duty to disprove them. See **Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)** (holding that the burden of proof rests on the party asserting the claim)

---

## IV. CONCLUSION: THE RECORD SPEAKS FOR ITSELF

**Defendant had one opportunity—its Motion to Dismiss—to establish standing.** If such evidence existed, it would have been included. Now, after the fact, Defendant is scrambling to patch the holes in its case. **The burden of proof was on Defendant in its Motion to Dismiss, and Defendant failed to meet it.**
**Defendant failed to meet that burden. No amount of after-the-fact maneuvering can

**change the complete absence of evidence in Defendant's Motion to Dismiss.**

Plaintiff respectfully requests that the Court take judicial notice of these **FACTS** and recognize that Defendant's failure to provide evidence in its one opportunity—its **Motion to Dismiss**—is fatal to its claims. Without evidence in the Motion to Dismiss, Defendant has no standing—this case cannot proceed on mere assertions.

*No evidence means no case.*

**Respectfully submitted,**

*Colton John Harris*

3100 Wood Ave, Lot G17

Colorado Springs, CO 80907

Email: thecoltonjohn@gmail.com

DATED: **February 15, 2025**