IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-1508

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

a Delaware corporation,

    Defendant.

---

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO EMERGENCY MOTION FOR RULE 11 SANCTIONS, TO STRIKE DEFENDANT'S MOTION TO DISMISS, AND FOR EXPEDITED RULING**

---

Plaintiff, **Colton John Harris**, respectfully submits this Reply in response to **Take-Two Interactive Software, Inc.'s** ("Take-Two") **misleading** and **contradictory** response (ECF No. 171) to Plaintiff's Emergency Motion for **Rule 11 Sanctions, to Strike Defendant's Motion to Dismiss, and for an Expedited Ruling** (ECF No. 160).

**I. TAKE-TWO IS MOVING THE GOALPOSTS TO MISLEAD THE COURT**

Take-Two now claims it did not "enforce" third-party intellectual property (IP) rights against Plaintiff but instead suspended Plaintiff's account for violating its Terms of Use. Yet, **Take-Two explicitly stated in its own Motion To Dismiss filings**:

> *"Take-Two periodically moderates UGC on FiveM that may violate the law and/or infringe third-party intellectual property rights."* **(Ungberg Decl. 17)**

> *"Take-Two's content moderators identified potentially infringing UGC associated with Plaintiff's FiveM account and violations of Take-Two's community policies and, as a result, Take-Two exercised its right under the Terms of Use to suspend Plaintiff's access to his FiveM account."* **(Ungberg Decl. 18)**

Take-Two **cannot have it both ways**—they openly admit to moderating for third-party IP enforcement, yet now claim they never enforced third-party rights.

Adding to this contradiction, Take-Two attempts to downplay Plaintiff's argument by stating **in their own recently filed reply (ECF No. 171)**:

> *"Take-Two did not 'enforce' any intellectual property rights against Plaintiff: Take-Two merely suspended Plaintiff's account for violating Take-Two's Terms of Use, as it is entitled to do."* **(Dkt. No. 171)**

Take-Two **expressly admitted** that its moderators identified "potentially infringing UGC" and **suspended Plaintiff's account based on that alleged infringement (Ungberg Decl. 18) and (Ungberg Decl. 17)**—yet now attempts to rewrite its own actions by claiming it never enforced third-party IP.

Their claim that they **weren't enforcing third-party IP** is a **<u>BLATANT LIE</u>**. (See **Ex. F**).

If Take-Two was not enforcing third-party IP, why did they **state in their own declaration that they moderate content for third-party IP violations** and if their Terms of Use allegedly gave them this authority, why didn't they provide:

- **The Terms of Use**—allegedly signed or agreed to by Plaintiff in their Motion to Dismiss
- **A violation notice**, in their Motion to Dismiss
- **Any supporting evidence** in their Motion to Dismiss

This **sudden shift in argument proves that Take-Two is trapped in its own contradictions and is attempting to mislead the Court**.

**1. Why Would Take-Two Say This Instead of Proving It?**

- If Take-Two **truly had evidence** that Plaintiff violated the Terms of Use, they would have **submitted it in their Motion to Dismiss**.
- Instead, they are making **unsupported statements**, hoping the Court will **not read them** and **accept them without proof**.
- They are **avoiding direct evidence** because they **know they have none**.

**2. If They Weren't Enforcing Third-Party IP, Why Did They Enter Plaintiff's Account?**

- Take-Two **accessed Plaintiff's account** using a **specific IP address** (See **Ex. G**).
- While inside, they **explicitly stated**, *"Looking at some of your asset list, I can see some potentially infringing content here."* With the list of third parties mentioned below it.

- This is **direct proof** that Take-Two was **investigating** and **enforcing** alleged **third-party IP violations**.

- Again Their claim that they **weren't enforcing third-party IP** is a **BLATANT LIE**. (See **Ex. F**).

3. Take-Two Is Shifting Its Story to Avoid Accountability

- Take-Two **previously claimed** it was **"moderating"** content for **third-party IP violations**.

- Now, they **deny enforcing third-party IP** after being challenged.

- If they were **not enforcing** IP rights, then:
    - **Why did they access Plaintiff's account in the first place?**
    - **Why does Plaintiff have a Google log and IP address proving this access?** (See **Ex. G**).

This is a **clear attempt to shift the goalposts**—first **claiming enforcement power**, then **pretending they never enforced anything**.

II. TAKE-TWO HAS NO TERMS OF SERVICE THAT PLAINTIFF AGREED TO—AND THEY CAN'T WAIT FOR DISCOVERY TO PROVIDE IT

Take-Two has **still not provided a single shred of evidence—no Terms of Service that Plaintiff actually agreed to, no signed agreement proving consent, no violation notice, and no supporting documents**—in their **Motion to Dismiss**.

Instead, they cite **generic Terms of Service** without **any proof** that Plaintiff **ever accepted them**.

In **ECF No. 138**, Take-Two **outright admitted** they are **waiting for discovery** to provide this supposed evidence, stating:

> *"Third, Take-Two's submission of the Screenshot is procedurally proper because Take-Two did not fail to disclose it during discovery—because discovery is stayed. See Fed. R. Civ. P. 37(c)."*

This is a **direct violation** of **Rule 12(d)**, which requires that a **Motion to Dismiss be supported by evidence at the time of filing—not after discovery**.

- **Plaintiff never requested discovery**. Take-Two was **hoping** Plaintiff would request it so they could **delay producing evidence** they should have **already submitted**.
- This **proves** they have **nothing** and are **stalling** to avoid accountability.
- Plaintiff **still reserves the right to respond** to **ECF No. 138**, but for the purpose of this motion, Plaintiff is **merely quoting Take-Two's own admission**.

If Take-Two had a legitimate case, why didn't they provide the evidence in their **Motion to Dismiss** instead of **shifting their arguments** after the fact?

The answer is simple: Their **Motion to Dismiss** is **baseless**, **unsupported**, and a **deliberate attempt to mislead the Court**.

### III. TAKE-TWO'S MISUSE OF RULE 11(c)(2) TO INTIMIDATE PLAINTIFF

Take-Two **improperly attempts** to invoke **Rule 11(c)(2)** to suggest it may seek **attorney's fees** for responding to Plaintiff's motion.

This is a **clear abuse** of **Rule 11** intended to **intimidate Plaintiff** rather than **address the legal and factual deficiencies** in its own filings.

### 1. Rule 11(c)(2) Does Not Support Their Position

- **Rule 11(c)(2)** does **not automatically** entitle Take-Two to attorney's fees.
- The rule explicitly states that **sanctions—including fees—may only be imposed if the motion is found to be frivolous or filed for improper purposes**.
- **Plaintiff's motion is neither frivolous nor improper**; it is based on **Take-Two's false representations** and **failure to provide evidence**.

### 2. This Is a Bad-Faith Litigation Tactic

- Take-Two is **not addressing** the substance of the **sanctions motion**, but instead trying to **deter Plaintiff** from pursuing **legitimate claims**.
- If Take-Two **truly believed** Plaintiff's motion was baseless, it would **refute it with facts and evidence**—which it has **failed to do**.
- Instead, it **resorts to procedural threats** that have **no merit** under **Rule 11(c)(2)**.

---

## IV. TAKE-TWO'S ATTACKS ON PLAINTIFF'S CASE LAW FAIL

Take-Two **falsely claims** that **Plaintiff's case law is irrelevant**. In reality, each case **directly applies** and exposes **Take-Two's misconduct**.

**Miller v. Glenn Miller Productions, Inc. (318 F. Supp. 2d 923, 945 (C.D. Cal. 2004))**

- Take-Two **claims** this case is irrelevant, but it **explicitly holds** that **standing is required** to **enforce intellectual property rights**.
- Take-Two has **not provided any license, assignment, or ownership rights** in their **motion to dismiss**
- This case **directly supports** Plaintiff's argument.

**Dias v. City & County of Denver (567 F.3d 1169, 1178 (10th Cir. 2009))**

- Reinforces that **standing must be proven** before taking **enforcement action**.
- Take-Two **assumes** it has **enforcement authority** but provides **no proof**.

**SCFC ILC, Inc. v. Visa USA, Inc. (36 F.3d 958 (10th Cir. 1994))**

- Holds that **misrepresentations regarding legal rights warrant dismissal and sanctions**.
- Take-Two's **contradictions** and **false claims** meet this standard.

---

## V. TAKE-TWO'S REPETITION OF PRIOR FILINGS DOES NOT CREATE "FACTS"

Take-Two attempts to pass off its previous filings as fact, stating:

> "Take-Two refers to and incorporates the statements in its Motion to Dismiss and the Reply, and the associated Declarations, for the detailed factual and procedural background of this case, Plaintiff's claims, and the full scope of Take-Two's arguments concerning Plaintiff's claims." (ECF Nos. 76, 90)

But repeating arguments does not make them true. If Take-Two had actual evidence, it would have submitted it in its Motion to Dismiss—not just recycled its own statements in an attempt to create the illusion of proof.

---

**CONCLUSION**

Take-Two has **no evidence**, **no case**, and **no justification** for its actions. Its **Motion to Dismiss** is a **blatant bad-faith attempt to mislead the Court**, and its **deception must have consequences.**

If Take-Two was not enforcing third-party IP, then **why did it access Plaintiff's account** in the first place?

Why does it now deny enforcement when its own actions prove otherwise?

This is not just a contradiction—it is a **deliberate attempt to manipulate the Court** and **evade accountability**. If Take-Two had a legitimate case, it would have presented evidence in its Motion to Dismiss instead of shifting arguments.

*For these reasons, the Court must grant Plaintiff's* **Motion for Rule 11 Sanctions (ECF No. 160)**, **strike Defendant's Motion to Dismiss**, *and* **impose all requested relief** *as set forth in* **ECF No. 160**, *including appropriate sanctions to* **deter further bad-faith litigation**.

**Respectfully submitted,**

*Colton John Harris*

3100 Wood Ave, Lot G17

Colorado Springs, CO 80907

Email: thecoltonjohn@gmail.com

DATED: **03-04-2025**