IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-1508-MDB

COLTON JOHN HARRIS,

     Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.
a Delaware corporation,

     Defendant.

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR RECONSIDERATION OF ORDER**

---

Defendant Take-Two Interactive, Inc. ("Take-Two") hereby responds to Plaintiff's Motion for Reconsideration (Dkt. No. 167; "Motion for Reconsideration") of the Court's February 13, 2025 Order denying Plaintiff's Motion for Clarification Regarding Order and Emergency Motion for Hearing Before Chief Judge Philip A. Brimmer. (Dkt. No. 165; "Order").

In its Order, the Court determined that "no 'emergency' hearing is required" to address "arguments that [Plaintiff] has already presented in numerous filings and that are pending before Magistrate Judge Dominguez Braswell." Dkt. No. 165 at 1. Plaintiff requests reconsideration of that Order, stating Plaintiff requires a hearing to raise "urgent, new procedural concerns…as well as to present relevant new case law" to support Plaintiff's arguments that Take-Two has enforced

1

"third-party intellectual property rights it does not own,"[1] the Court has engaged in "disparate treatment of Plaintiff's motions versus Defendant's motions," and that Plaintiff's due process rights have been violated by the Court's "failure" to rule on pending motions.[2] Dkt. No. 167 at 1.

The "relevant new case law" presented by Plaintiff in his Motion does not signal an intervening change in the controlling law warranting reconsideration. *See Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). However, Plaintiff's case citations in his Motion reveals a concerning trend in Plaintiff's recent pleadings. As noted in Take-Two's Response to Plaintiff's Emergency Motion for Sanctions, Plaintiff recently referenced several cases that do not support the proposition for which they were cited. *See* Dkt. No. 171. Plaintiff's Motion appears to repeat this issue and, in addition, includes quotations that do not appear in the text of cited cases and refers to a case that Take-Two was unable to locate in Westlaw or PACER:

- Plaintiff cites *Lexmark Int'l, Inc. v. Static Control Components, Inc.* 572 U.S. 118 (2014) to support his statement that "only the actual IP rights holder or an explicitly authorized licensee may bring an enforcement action." Dkt. No. 167 at 3. However, *Lexmark* determined the scope of standing in a false advertising action brought under the Lanham Act; the Court held that the

---

[1] Take-Two substantively responded to Plaintiff's assertions regarding its purported "enforcement" of third-party intellectual property rights in its Response to Plaintiff's Emergency Motion for Sanctions. Dkt. No. 171. Specifically, Take-Two did not "enforce" any intellectual property rights against Plaintiff: Take-Two merely suspended Plaintiff's account for violating Take-Two's Terms of Use, as it is entitled to do. *See* Dkt. No. 76 at 4. Plaintiff disputes that the Terms of Use permit Take-Two to take any actions with respect to his account; that argument has been covered extensively in other briefing before the Court and Take-Two incorporates its responses here. *See, e.g.*, Dkt. Nos. 76, 90, and 138.

[2] Plaintiff has repeatedly expressed his dissatisfaction with the Court's timing and procedures. *See, e.g.*, Dkt. Nos. 137, 144, 153. However, the Court has addressed many of Plaintiff's motions and other filings, applying the standard that, because Plaintiff is proceeding *pro se*, it construes Plaintiff's pleadings liberally without serving as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2

Lanham Act allows any party to sue that has been injured by false advertising, so long as the party establishes that it has a commercial interest in reputation or sales and that its economic or reputational injury stemmed directly from the false advertising.

- Plaintiff cites *McKnight v. Comm'r*, 559 F.3d 622, 625 (10th Cir. 2009) to support his statement that "the 10th Circuit and federal courts generally recognize 30-60 days as a reasonable timeframe for ruling on pending motions," including a parenthetical explanation that "unreasonable delays violate due process." Dkt. No. 167 at 4. Take-Two was unable to locate this case by searching the reporter citation or party names in Westlaw, or by searching the party names in Tenth Circuit records via PACER.

- Plaintiff cites *In re United States*, 503 F.3d 638, 644 (7th Cir. 2007) with a parenthetical quotation that "unexplained judicial delay is 'functionally equivalent to denying relief without justification.'" Dkt. No. 167 at 6. The reporter citation "503 F.3d 638" results in a case captioned *In re U.S.* granting mandamus to the United States, holding that the district court could not require the government to provide information about ongoing investigations before ruling on its motion for reconsideration. The reporter citation "503 F.3d 644" (the pin citation noted by Plaintiff) results in a case captioned *U.S. v. Ramirez-Gutierrez* and involved a defendant's appeal of the district court's sentence to 72 months' imprisonment. The quoted phrase does not appear in the text of either decision.

- Plaintiff cites *Chambers v. NASCO, Inc*., 501 U.S. 32 (1991) with a quotation that "courts have 'the inherent power to police themselves and to sanction bad-faith litigation conduct." Dkt. No. 167 at 7. The quoted phrase does not appear in the text of this decision.

Plaintiff's method of legal research is unknown to Take-Two. However, courts have recently cautioned parties against the use of generative AI to draft pleadings and conduct legal research, as the results are frequently unreliable and may include cases and quotations that appear to be genuine, but in fact are not. Indeed, the Colorado Court of Appeals recently engaged in a thorough examination of a *pro se* party's use of generative AI tools to assist with legal research and drafting and discussed the potential consequences for submitting briefs that contain nonexistent citations. *See Al-Hamim v. Star Hearthstone*, LLC, 2024 WL 5230126 at *5 (Colo. Ct. App. Dec. 26, 2024) (attached as Exhibit 1).

In summary, Plaintiff has not established grounds for the Court to reconsider its Order denying Plaintiff's request for an emergency hearing or clarification of the Court's prior order. Accordingly, Plaintiff's Motion should be denied.

DATED: March 6, 2025

        Respectfully submitted,

        By: */s/ Carolyn Juarez*
        Carolyn Juarez
        Neugeboren O'Dowd PC
        726 Front St., Ste. 220
        Louisville, CO  80027
        T: (720) 536-4900
        F: (720) 536-4910
        Email:  carolyn@nodiplaw.com
        ATTORNEYS FOR DEFENDANT TAKE-TWO INTERACTIVE SOFTWARE, INC.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on March 6, 2025, a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER** was filed with the Clerk of Court using the CM/ECF system.

                                              */s/ Carolyn Juarez*
                                                Carolyn Juarez

5