IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-01508-PAB-MDB

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC., a Delaware corporation,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration of Order (Dkt. 165) [Docket No. 167], wherein plaintiff Colton John Harris asks the Court to reconsider its February 13, 2025 order denying Mr. Harris's motion for clarification and motion for an emergency hearing. On March 6, 2025, defendant Take-Two Interactive Software, Inc. ("Take-Two") filed a response. Docket No. 173.

**I. BACKGROUND**

On January 24, 2025, the Court denied Mr. Harris's motion to vacate referrals to the magistrate judge and denied his motion to expedite the Court's ruling as moot. Docket No. 155 at 7-8. The Court also denied Mr. Harris's motion and objections directed at the magistrate judge's decision to hold a status conference on December 17, 2024. *Id.* at 5-7. On January 26, 2025, Mr. Harris filed a motion pursuant to Fed. R. Civ. P. 60(a) to correct the Court's characterization of Mr. Harris's allegations in the third amended complaint in the January 24, 2025 order. Docket No. 156. On February 10,

2025, the Court denied Mr. Harris's Rule 60(a) motion because the Court's characterization of Mr. Harris's allegations did not affect the Court's conclusions in the January 24, 2025 order.  Docket No. 162 at 2.

That same day, Mr. Harris filed a motion for clarification of the Court's February 10, 2025 order.  Docket No. 163.  On February 12, 2025, Mr. Harris filed a motion for an emergency hearing.  Docket No. 164.  On February 13, 2025, the Court denied Mr. Harris's motion for clarification and emergency hearing because Mr. Harris identified no basis for the clarification and no basis to believe that he would be prejudiced by the Court's February 10, 2025 Order.  Docket No. 165 at 2.  The Court denied Mr. Harris's motion for an emergency hearing, exercising its discretion to not hold a hearing where Mr. Harris sought such a hearing to raise issues that are pending before the magistrate judge.  *Id.* at 1.

## II.   ANALYSIS

In his motion for reconsideration, Mr. Harris argues that the Court should reconsider the February 13, 2025 order because the Court "mischaracterized the basis for Plaintiff's Emergency Motion for Hearing."[1]  Docket No. 167 at 1.  Specifically, he argues that the Court's denial of the request for a hearing, "on the grounds that the issues had already been raised in prior motions," is "incorrect, as multiple motions raising these concerns remain pending with no ruling."[2]  *Id.* at 5.  The remainder of Mr.

---

[1] Mr. Harris does not move the Court to reconsider that portion of the February 13, 2025 order that denied his motion for clarification.  *See* Docket No. 167.

[2] Mr. Harris contends that, in the February 13, 2025 order, the Court stated that "there is 'no prejudice' to Plaintiff" and such statement is incorrect because "the very act of delaying Plaintiff's motions while resolving Defendant's creates substantial prejudice." Docket No. 167 at 5.  The Court did not cite there being "no prejudice" as the reason for the Court's denial of Mr. Harris's request for a hearing.  Rather, the Court denied Mr.

2

Harris's arguments are not directed at the Court's February 13, 2025 order, but rather directed at an alleged "clear disparity in how motions are being handled" based upon how long motions have remained pending in this case. *See Id.* at 3-9. Because Mr. Harris is proceeding pro se, the Court will construe his filing liberally without serving as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962). In order to avoid the inefficiency that would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-*6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-*2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. *See Echon v. Sackett*, No. 14-cv-03420-

---

Harris's motion for clarification, in part, because Mr. Harris "identified no basis for clarification and no basis to believe he will be prejudiced" by the Court's characterization of Mr. Harris's allegations. Docket No. 165 at 2.

3

PAB-NYW, 2019 WL 8275344, at *2 (D. Colo. Feb. 12, 2019); *cf. Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) ("a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law"). Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court finds that Mr. Harris has not provided any new evidence or legal authority and has not otherwise shown that the February 13, 2025 order was in error. Mr. Harris misconstrues the Court's findings in the February 13, 2025 order. Mr. Harris contends that the Court stated in the February 13, 2025 order that Mr. Harris seeks a hearing on the basis of arguments that "were previously addressed." Docket No. 167 at 2. He argues that the Court "wrongly treat[e]d new issues as previously resolved." *Id*. However, the Court stated that Mr. Harris "seeks a hearing on the basis of arguments that he has already presented in numerous filings and that are pending before Magistrate Judge Dominguez Braswell." Docket No. 165 at 1. It appears that Mr. Harris seeks to once again raise his argument that a delay in ruling on his motions entitles him to a hearing. *See* Docket No. 167 at 5. In the February 13, 2025 order, the Court stated that Mr. Harris failed to cite authority that supports this argument. Docket No. 165 at 1. In the instant motion, Mr. Harris has failed to present any new legal authority that compels the Court to reach a different conclusion.[3] Even if Mr. Harris

---

[3] In its response, Take-Two notes that Mr. Harris cites to case law and presents quotations that are purportedly from the cited cases. Docket No. 173 at 3. However, such cases do not contain the quotations that Mr. Harris presents or the cases cannot

4

were to seek a hearing on the basis of issues that have yet to be presented in his filings, the Court would nonetheless be within its discretion to deny a hearing. *Hayden v. Chalfant Press, Inc.*, 281 F.2d 543, 545 (9th Cir. 1960) (whether a "pretrial procedure should be adopted in a particular court is a matter resting in the sound discretion of the trial court").

### III. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Motion for Reconsideration of Order (Dkt. 165) [Docket No. 167] is **DENIED**.

DATED May 6, 2025

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

be located. *Id.* Take-Two further states that Mr. Harris's method of "legal research is unknown," but notes that "courts have recently cautioned parties against the use of generative AI to draft pleadings and conduct legal research." *Id.* at 4. Mr. Harris has withdrawn these citations or clarified that he was not quoting directly from the cases. Docket No. 174 at 2-3. Mr. Harris provides new citations; however, they are not new legal authority that show that the Court's prior order was in error and do not support Mr. Harris's argument that a delay in ruling on his motions entitles him to a hearing. *See id.*

The use of fictitious quotes or cases in filings may subject a party, including a pro se party, to sanctions pursuant to Federal Rule of Civil Procedure 11 as "pro se litigants are subject to Rule 11 just as attorneys are." *Rasmussen v. Burnett*, No. 24-cv-01727-SKC-KAS, 2025 WL 808364, at *3 (D. Colo. Mar. 12, 2025); *see also Willis v. U.S. Bank Nat'l Ass'n,* 2025 WL 1224273, at *3 (N.D. Tex. Apr. 28, 2025) ("A litigant's using AI and then failing to verify the accuracy of the results it yields violates the litigant's Federal Rule of Civil Procedure 11 obligations.").

5