IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-1508

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

a Delaware corporation,

    Defendant.

---

**PLAINTIFF'S MOTION FOR DISQUALIFICATION OF CHIEF JUDGE PHILIP A. BRIMMER AND MAGISTRATE JUDGE MARITZA DOMINGUEZ BRASWELL UNDER 28 U.S.C. § 455(b)(4)**

---

Plaintiff Colton John Harris respectfully moves for the immediate disqualification of Chief Judge Philip A. Brimmer and Magistrate Judge Maritza Dominguez Braswell under 28 U.S.C. § 455(b)(4), based on unresolved financial entanglements and continued rulings despite clear conflicts of interest. These risks are amplified by Defendant's corporate ownership structure and the judges' documented or undisclosed Vanguard investments.

## I. JUDGE BRIMMER: MANDATORY DISQUALIFICATION FOR FINANCIAL CONFLICT

Vanguard Owns Over 10% of Take-Two

Plaintiff cited Defendant's Rule 7.1 disclosure showing Vanguard Group, Inc. owns 10%+ of Take-Two Interactive Software, Inc. (Dkt. 193).

Judge Brimmer's Disclosed Holdings

Brimmer's 2019 Financial Disclosure Report (Dkt. 193-1, Exhibit A.3) reveals holdings between $2.1 million and $7.6 million in Vanguard funds—including over $1 million in Vanguard 500 Index Fund, which tracks companies including Take-Two.

Continued Rulings Despite Conflict

Despite being formally notified in Dkt. 193, Judge Brimmer has continued to rule on live issues, without disclosing whether he retains any interest in Vanguard-linked Take-Two investments.

---

## II. MAGISTRATE BRASWELL: FAILURE TO DISCLOSE

No Public Disclosures Filed

Plaintiff has been unable to access any financial disclosures for Magistrate Judge Braswell, and no statement has been made confirming or denying whether she holds Vanguard funds.

Restricted Filings

Certain filings involving Judge Braswell remain inaccessible to Plaintiff, raising additional questions about transparency and equal access to justice.

Risk of Overlapping Investments

If Judge Braswell holds any Vanguard fund that substantially invests in Take-Two, she is subject to the same mandatory disqualification provisions under § 455(b)(4).

---

### III. THE LAW IS CLEAR: DISQUALIFICATION IS MANDATORY

Under 28 U.S.C. § 455(b)(4), a judge must disqualify themselves if they have any financial interest in a party to the proceeding. This includes:

- Direct stock ownership
- Investments via mutual or index funds, if those funds hold shares in the party

Even the appearance of a financial conflict requires disqualification

**Disqualification Under § 455(b)(4) Is Not Discretionary**

Under 28 U.S.C. § 455(b)(4), **disqualification is mandatory** where a judge has even a minimal financial interest in a party to the proceeding. **The statute does not permit judicial discretion or balancing tests.** Once such a conflict is identified—directly or through index funds that include the party's stock—recusal is **required by law**. Continued participation under these circumstances is **not permitted** and **risks violating constitutional due process protections**.

## IV. DEMAND FOR ESCALATION IF DISQUALIFICATION IS REFUSED

If either judge declines to disqualify themselves, Plaintiff demands immediate referral of this issue to:

- An unrelated Article III Judge, or
- The Chief Judge of the Tenth Circuit Court of Appeals under 28 U.S.C. § 351 for investigation under the Judicial Conduct and Disability Act

## V. CONSTITUTIONAL PRESERVATION UNDER RULE 5.1(b)

Plaintiff hereby preserves all but not limited to constitutional objections under Rule 5.1(b) and 28 U.S.C. § 2403, including:

- Violation of Due Process under the 5th and 14th Amendments
- Denial of an impartial tribunal
- Failure to disclose financial interests
- Procedural suppression of Plaintiff's filings
- Continued rulings despite disqualification triggers

**This Notice will be submitted to the U.S. Attorney General.**

## VI. NOTICE OF ESCALATION

Plaintiff hereby notifies the Court that, regardless of how the Court rules on this Motion — including if it is ignored, denied, or sidestepped — Plaintiff will:

- File a Judicial Misconduct Complaint with the Tenth Circuit under 28 U.S.C. § 351
- Submit a formal Notice to the U.S. Attorney General under Rule 5.1(b)
- Request certification of constitutional issues under 28 U.S.C. § 2403
- Raise all relevant issues on appeal

---

## VII. CONCLUSION

This is not a request for courtesy — it is a demand for compliance with federal law and constitutional due process. The record already contains documented financial entanglement. Disqualification under § 455(b)(4) is **mandatory — not optional**.

Plaintiff requests immediate reassignment to a neutral judge. If this motion is not granted, Plaintiff will escalate through every available statutory and constitutional channel.

Furthermore, Plaintiff hereby notifies the Court and the record that a formal Notice under Rule 5.1(b) will be submitted to the **United States Attorney General** regardless of how the Court rules on this Motion. The structural constitutional violations at issue — including denial of an impartial tribunal, due process violations under the Fifth and Fourteenth Amendments, and the Court's failure to address financial conflicts under 28 U.S.C. § 455(b)(4) — require federal oversight. This is not merely a judicial ethics issue; it implicates core constitutional rights and

will be escalated accordingly.

---

### NOTICE OF ESCALATION TO THE PRESS

Plaintiff hereby gives notice that, regardless of the Court's response to this motion, Plaintiff will escalate these concerns to the **press**. The public has a right to be informed when judicial impartiality is in question and financial conflicts remain unresolved. Where the Court remains silent, Plaintiff will ensure the record speaks through public awareness.

### Relevant Legal References:

- [28 U.S.C. § 455 - Disqualification of justice, judge, or magistrate judge](#)
- [28 U.S.C. § 351 - Complaints; judge defined](#)
- [Federal Rule of Civil Procedure 5.1 - Constitutional Challenge to a Statute](#)
- [28 U.S.C. § 2403 - Intervention by United States or a State](#)

**Respectfully submitted,**

*Colton John Harris*

3100 Wood Ave, Lot G17

Colorado Springs, CO 80907

Email: thecoltonjohn@gmail.com

DATED: **05-7-2025**