IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-01508-PAB-MDB

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

    Defendant.

## ORDER

    This matter is before me on that portion of Plaintiff's Motion for Disqualification of Chief Judge Philip A. Brimmer and Magistrate Judge Maritza Dominguez Braswell Under 28 U.S.C. § 455(b)(4) [Docket No. 206] that seeks my recusal.

    Plaintiff Colton John Harris requests that I recuse "based on unresolved financial entanglements and continued rulings despite clear conflicts of interest" pursuant to 28 U.S.C. § 455(b)(4). Docket No. 206 at 1. Because Mr. Harris is proceeding pro se, I will construe his pleadings liberally without serving as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    In its Fed. R. Civ. P. 7.1 disclosure statement, defendant Take-Two Interactive, Inc. ("Take-Two") disclosed that the Vanguard Group, Inc. ("Vanguard") owns 10% or more of the stock of Take-Two. Docket No. 12. Based on Financial Disclosure Reports that I file annually, Mr. Harris notes that I have investments in Vanguard mutual funds. Docket No. 206 at 2. Mr. Harris argues that I am required to recuse due to my ownership of Vanguard mutual funds pursuant to § 455(b)(4). *Id*. at 2-3.

Vanguard does not itself own stock in Take-Two.  Rather, as a mutual fund company, it has investment funds that own shares in various companies, such as Take-Two, that persons can invest in.  According to public websites that specialize in financial information, such as Nasdaq.com, funds that are part of Vanguard cumulatively own approximately 10.97% of Take-Two's stock.  The Vanguard funds that own the greatest percentage of Take-Two stock are the Vanguard Total Stock Market Index Fund (2.96%), the Vanguard 500 Index Fund (2.51%), and the Vanguard Mid-Cap Index Fund (2.0%).  Take Two-Interactive Software, Inc. "Holders", https://finance.yahoo.com/quote/TTWO/holders/ (last visited May 7, 2025).  While I own shares of the first two funds, I do not own any shares of the Mid-Cap Index Fund.

Section 455 of Title 28 states, in relevant part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:
. . .
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding[.]

28 U.S.C. § 455(a)-(b).  The Code of Conduct for United States Judges contains a provision in Canon 3C(1)(c) related to financial investments, stating in relevant part:

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
. . .
> (c) the judge knows that the judge, individually or as a fiduciary, or the judge's spouse or minor child residing in the judge's household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding[.]

2

Guide to Jud. Pol., Vol. 2. Pt. A, Ch. 2, Code of Conduct for United States Judges Canon 3C(1)(c).  However, § 455(d)(4)(i) and Canon 3C(3)(c)(i) provide that "[o]wnership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities unless the judge participates in the management of the fund."  28 U.S.C. § 455(d)(4)(i); Canon 3C(3)(c)(i).  These are known as "safe harbor" provisions.

The Administrative Office of the Committee on Codes of Conduct for the Judicial Conference of the United States has issued an advisory opinion about the safe harbor provision, stating in relevant part:

> Canon 3C(1)(c) requires a judge to disqualify himself or herself when the judge knows that he or she "has a financial interest in the subject matter in controversy or in a party to the proceeding," or when the judge has "any other interest that could be affected substantially by the outcome of the proceeding."  However, "ownership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities unless the judge participates in the management of the fund."

The Committee on Codes of Conduct for the Judicial Conference of the United States, Advisory Op. 106 (2011) (quoting Canon 3C(1)(c)).[1]

I find that my recusal is not required under § 455(b)(4) because I do not have a "financial interest" in the subject matter in controversy or in a party to the proceeding and do not participate in management of Vanguard or any of its funds.  Pursuant to the safe harbor provision, "a financial interest does not include ownership in a mutual or common investment fund that holds securities unless the judge participates in the

---

[1] The Committee on Codes of Conduct notes "that recusal decisions are also governed by the recusal statutes, 28 U.S.C. §§ 455 and 144, and the case law interpreting them.  Although the Committee is not authorized to render advisory opinions interpreting §§ 455 and 144, Canon 3C closely tracks the language of § 455, and the Committee is authorized to provide advice regarding the application of the Code."  Advisory Op. 106.

3

management of the fund." *McRae v. JPMorgan Chase & Co.*, 2023 WL 7189356, at *2 (10th Cir. Nov. 1, 2023) (alterations, internal quotations, and citation omitted). My investments in the Vanguard funds are "prototypical examples falling into the safe harbors for mutual or common investment funds." *Cellspin Soft, Inc. v. Fitbit, Inc.*, 2023 WL 2176758, at *9 (N.D. Cal. Feb. 15, 2023) (finding that the "Vanguard investments at issue," including investments in a Vanguard 500 Index Fund and Vanguard Total International Stock Index Fund, "clearly fall within the safe harbor exemption" because they are "registered with the SEC and are sold as mutual funds," "[e]ach has separate portfolio managers," and the "funds are also diversified and extremely large").[2] Mr. Harris does not contest that the Vanguard funds at issue are mutual investment funds. *See* Docket No. 206 at 2. Accordingly, I find that the Vanguard funds at issue here fall within the safe harbor provision.

Because I do not have a "financial interest" under § 455(b)(4), pursuant to the safe harbor provision, "it is unnecessary and inappropriate to inquire how a case might

---

[2] The Committee on Codes of Conduct advises that following, regarding whether a fund qualifies as a "mutual or common investment fund":

> Although the Code does not define "mutual or common investment fund," determining whether a fund qualifies for the safe harbor contemplated under Canon 3C(3)(c)(i) involves several related considerations, including: (1) the number of participants in the fund; (2) the size and diversity of fund investments; (3) the ability of participants to direct their investments; (4) the ease of access to and frequency of information provided about the fund portfolio; (5) the pace of turnover in fund investments; and (6) any ownership interest investors have in the individual assets of the fund.
>
> The Committee concludes that most mutual funds that are registered with the Securities and Exchange Commission and sold to the public as mutual funds will likely meet the criteria above.

Advisory Op. 106.

4

affect the value of the fund's assets." *New York City Dev. Corp. v. Hart*, 796 F.2d 976, 980 (7th Cir. 1986).  Coverage under the safe harbor provision "eliminates any inquiry into the size of the likely effect of a decision on the value of securities held through a mutual fund." *Id.*  Furthermore, because I do not have a "financial interest," "there is no need" for me "to determine whether the mutual fund company exercises control" over Take-Two.  *See* The Committee on Codes of Conduct for the Judicial Conference of the United States, Advisory Op. 57 (2024).  Therefore, "[r]egardless of whether the Vanguard Group has aggregate ownership of 10% or more of [Take-Two], that fact alone would not require recusal even if a Vanguard fund actually held shares of such stock."  *McRae,* 2023 WL 7189356, at *3.

Moreover, this is not an "unusual circumstance[]," where "recusal may be required under Canon 3C(1)(c) because the judge has an 'interest that could be affected substantially by the outcome of the proceeding.'"  *See* Advisory Op. 106.  Mr. Harris seeks "Total Requested Relief (Excluding Unjust Enrichment)" in the amount of $1,250,000, which Mr. Harris notes is an amount that "excludes any additional restitution for unjust enrichment, which is to be determined by the Court."  Docket No. 73 at 26.  Take-Two reported a total net revenue of $5.349 billion during the 2024 fiscal year.  Take-Two Interactive Software, Inc., Annual Report (Form 10-K) (May 6, 2024).  Assuming Mr. Harris recovers $1,250,000, such recovery would constitute approximately 0.02% of Take-Two's total net revenue.  In turn, Vanguard manages assets valued at approximately $10.4 trillion, with stock in Take-Two owned by various Vanguard mutual funds being valued at approximately $4,488,298, which constitutes approximately 0.0000004% of Vanguard's assets.  The Vanguard Group, Inc., "About Vanguard," https://www.nl.vanguard/professional/about-vanguard; Take-Two Interactive

5

Software, Inc. Common Stock (TTWO) Institutional Holdings, https://www.nasdaq.com/market-activity/stocks/ttwo/institutional-holdings (last visited May 7, 2025). Therefore, I find that my investments in Vanguard would not be substantially affected by the outcome of the litigation, even if Mr. Harris were to recover the full amount of damages that he seeks. *See* Advisory Op. 106 ("Whether litigation might have a substantial effect on the judge's interest in a mutual fund will often turn on the size and diversity of the fund's investments. The value of a mutual fund that invests in many companies in a variety of industries would rarely be substantially affected by the outcome of litigation involving one particular company.").

Although Mr. Harris does not move for my recusal under § 455(a), I will consider whether, because of my investments in the Vanguard funds, my "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Section 455 establishes 'an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'" *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (quoting *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017)). "In conducting this review, [the court] must ask how these facts would appear to a well-informed, thoughtful and objective observer, who is an average member of the public, not a hypersensitive, cynical, and suspicious person." *Id*. (internal quotations and citation omitted).

Because my Vanguard fund investments fall within the safe harbor provision, I find that my recusal is not necessary under § 455(a). "[A] judge whose conduct has satisfied the § 455(d)(4)(i) safe harbor will almost certainly have complied with § 455(a) by acting in a reasonable and impartial manner." *Cent. Tel. Co. of Virginia v. Sprint Commc'ns Co. of Virginia, Inc.*, 715 F.3d 501, 516 (4th Cir. 2013). "A reasonable

6

person would not question the impartiality of a judge who holds nothing but well diversified mutual funds." *Hart,* 796 F.2d at 980. Furthermore, "[t]hough judges 'have a strong duty to recuse when appropriate,' they also have 'a strong duty to sit,' and § 455 must not be so broadly construed as to make recusal mandated 'upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *Mobley,* 971 F.3d at 1205 (quoting *Wells*, 873 F.3d at 1251). The "statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000) (citation omitted). The party moving to disqualify a judge has the burden of proof. *Davis v. U.S. Dep't of Justice*, 2024 WL 3617343, at *3 (10th Cir. Aug. 1, 2024) (collecting cases).

I find that Mr. Harris has not met his burden of proof to show that my recusal is necessary. He has not shown that I have an obligation to abandon my "strong duty" to preside over this case. *See Mobley*, 971 F.3d at 1205; *see also McRae*, 2023 WL 7189356, at *3 (affirming that the district court was not required to recuse because "[n]o evidence suggests that the trial judge participates in the management of the Vanguard fund, or that the outcome of this proceeding could substantially affect the judge's interest in it"); *Cellspin*, 2023 WL 2176758, at *10 (holding that the court would not recuse where she had "no material financial stake in the outcome of this case because of the Vanguard investments and there is no other reason why her impartiality might reasonably be questioned").[3]

---

[3] Mr. Harris filed a motion, titled Plaintiff's Motion to Clarify Judicial Transparency and Financial Disclosure, wherein he seeks information contained in my 2024 financial disclosure statement and that of Magistrate Judge Dominguez Braswell. Docket No. 193 at 6-7. However, 2024 financial disclosure statements have not yet been published, and Mr. Harris cites no authority for the proposition that he is entitled to access these statements before they are publicly available. Mr. Harris further asks that,

Wherefore, it is

**ORDERED** that the portion of Plaintiff's Motion for Disqualification of Chief Judge Philip A. Brimmer and Magistrate Judge Maritza Dominguez Braswell Under 28 U.S.C. § 455(b)(4) [Docket No. 206] that seeks my recusal is **DENIED**. It is further

**ORDERED** that Plaintiff's Motion to Clarify Judicial Transparency and Financial Disclosure [Docket No. 193] is **DENIED**. It is further

**ORDERED** that the portion of Plaintiff's Motion for Disqualification of Chief Judge Philip A. Brimmer and Magistrate Judge Maritza Dominguez Braswell Under 28 U.S.C. § 455(b)(4) [Docket No. 206] that seeks Magistrate Judge Dominguez Braswell's recusal is **referred** to Magistrate Judge Dominguez Braswell.

Dated May 9, 2025

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

if I have "continued holdings in Vanguard 500 Index Fund or other funds that hold significant investments in Take-Two," I clarify "whether they fall within the scope of 28 U.S.C. § 455(b)(4)." *Id.* at 6. I construe Mr. Harris's request as a motion for my recusal, which I will deny for reasons discussed previously. Therefore, I will deny Mr. Harris's Motion to Clarify Judicial Transparency and Financial Disclosure. Docket No. 193.