**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-1508-MDB

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.
a Delaware corporation,

    Defendant.

---

**DEFENDANT'S CONSOLIDATED RESPONSE TO PLAINTIFF'S
NOTICE OF CLARIFICATION REGARDING PARAPHRASE OF STATUS
CONFERENCE (DKT. 189), LETTER TO CLERK OF COURT RE PROCEDURAL
BASIS AND RELIANCE ON DKT. 105 (DKT. 190), EMERGENCY RENEWED
MOTION FOR ENTRY OF DEFAULT (DKT. 191); AND PLAINTIFF'S MOTION TO
CLARIFY CLERK IDENTITY AND AUTHORITY AT DKT. 111 (DKT. 192)**

---

Defendant Take-Two Interactive, Inc. ("Defendant" or "Take-Two") hereby provides its consolidated response to certain of Plaintiff's recent filings, specifically:

- Notice of Clarification Regarding Paraphrase of Status Conference ("Notice of Clarification Regarding Paraphrase"; Dkt. No. 189);

- Letter to Clerk of Court re Procedural Basis for Dkt. 111 and Reliance on Dkt. 105 ("Letter to Clerk"; Dkt. No. 190);

- Emergency Renewed Motion for Entry of Default ("Emergency Renewed Motion"; Dkt. No. 191); and

- Motion to Clarify Clerk Identity and Authority at Dkt. 111 ("Motion to Clarify Clerk Identity"; Dkt. No. 192).

1

All of these filings contain continued objections to and argument regarding the Court's authority to set briefing schedules and December 3, 2024 Minute Order consolidating Defendant's responses to several of Plaintiff's submissions, and the related denial of Plaintiff's motions for entry of default judgment. *See* Dkt. No. 105.

On April 18, 2025, Plaintiff filed the Notice of Clarification Regarding Paraphrase to clarify submissions in his prior filings that purported to quote the Court's statements at the December 17, 2024 Status Conference. Specifically, Plaintiff had submitted that the Court stated "I'm sorry, Mr. Harris, but the 21-day rule doesn't apply because you have a history." Dkt. No. 148 and 189. However, Plaintiff now acknowledges that the Court did not make that statement. Dkt. No. 189. Plaintiff's Notice of Clarification Regarding Paraphrase then selectively quotes from the transcript to support his argument that the Court "extended the deadline to benefit the Defendant" and engaged in "procedural manipulation." Dkt. No. 189. Plaintiff rehashes many of the same arguments regarding the Court's authority to set briefing schedules as he has made in other submissions. *See, e.g*. Dkt. Nos. 109, 115 (later withdrawn), 124, 133, 137, 145, 178.

Next, Plaintiff filed his Letter to Clerk regarding the Clerk of Court's denial of Plaintiff's request for default judgment, which stated that default would not be entered because Defendant's deadline to respond had been extended by Dkt. No. 105. *See* Dkt. 111. Although Plaintiff states that his inquiry does not request court action, Plaintiff again questions the Court's authority to set a briefing schedule in the December 3, 2024 Minute Order (Dkt. No. 105) and the Clerk's reliance on that Minute Order. Dkt. No. 190.

Plaintiff then filed the Emergency Renewed Motion (Dkt. No. 191) referencing the Clerk's denial of his original request for default judgment (Dkt. No. 111) and again questioning the Court's

2

authority to set a briefing schedule. The Clerk again declined to enter default judgment on the basis that Defendant filed a responsive pleading. *See* Dkt. 195. Accordingly, it appears that Plaintiff's Emergency Renewed Motion for Entry of Default has been resolved by the Court and no response is necessary.

Finally, Plaintiff filed his Motion to Clarify Clerk Identity, requesting that the Court identify the Clerk who declined to enter default judgment against Defendant at Dkt. No. 111, which referenced the Magistrate Judge's Minute Order setting a briefing schedule, and the procedural and judicial authority under which the Clerk acted. Dkt. No. 192.

To the extent responses to the arguments in the Notice of Clarification Regarding Paraphrase, the Letter to Clerk, the Emergency Renewed Motion, and the Motion to Clarify Clerk Identity are required, Defendant incorporates its Response to Plaintiff's Objection to Minute Order on Procedural Handling of Motions (Dkt. No. 132), Consolidated Response to Plaintiff's Motions for Sanctions, Preservation Order, Default Judgment, and Exclusion of Evidence (Dkt. No. 138), and the Transcript of the December 17, 2024 Status Conference (Dkt. No. 148 at 8:37-11:13).

DATED:  May 9, 2025

Respectfully submitted,

By: */s/ Carolyn Juarez*
Carolyn Juarez
NOD Law PC
726 Front St., Ste. 220
Louisville, CO  80027
T: (720) 536-4900
F: (720) 536-4910
Email:  carolyn@nod-law.com
ATTORNEYS FOR DEFENDANT TAKE-TWO INTERACTIVE SOFTWARE, INC.

3

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on May 9, 2025, a true and correct copy of the foregoing **DEFENDANT'S CONSOLIDATED RESPONSE TO PLAINTIFF'S NOTICE OF CLARIFICATION REGARDING PARAPHRASE OF STATUS CONFERENCE (DKT. 189), LETTER TO CLERK OF COURT RE PROCEDURAL BASIS AND RELIANCE ON DKT. 105 (DKT. 190), EMERGENCY RENEWED MOTION FOR ENTRY OF DEFAULT (DKT. 191), AND MOTION TO CLARIFY CLERK IDENTITY AND AUTHORITY AT DKT. 111 (DKT. 192)** was filed with the Clerk of Court using the CM/ECF system.

                                                  */s/ Carolyn Juarez*
                                                  Carolyn Juarez