IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 24–cv–01508–PAB–MDB

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

    Defendant.

## ORDER

This matter is before the Court on the portion of Plaintiff's Motion for Disqualification of Chief Judge Philip A. Brimmer and Magistrate Judge Maritza Dominguez Braswell Under 28 U.S.C. § 455(b)(4), (Doc. No. 206), that seeks my recusal.

Plaintiff seeks my disqualification due to "unresolved financial entanglements and continued rulings despite clear conflicts of interest." (Doc. No. 206 at 1.) His arguments are based primarily on Defendant's Fed. R. Civ. P. 7.1 disclosure statement, in which Defendant disclosed that the Vanguard Group, Inc. ("Vanguard") owns 10% or more of Defendant's stock. (*See* Doc. No. 12.) Plaintiff contends that he "has been unable to access any financial disclosures for Magistrate Judge Braswell, and no statement has been made confirming or denying whether she holds Vanguard funds." (Doc. No. 206 at 2.) He further notes "[c]ertain filings involving Judge Braswell remain inaccessible to Plaintiff, raising additional questions about transparency and equal access to justice." (*Id.*) Ultimately, Plaintiff argues that "[i]f Judge Braswell holds any

Vanguard fund that substantially invests in Take-Two, she is subject to the same mandatory disqualification provisions under § 455(b)(4)." (*Id.*)

As a threshold matter, my financial disclosures are available on the same public site as other judicial officer disclosures. Additionally, while I invest in various Vanguard Exchange-Traded Funds ("ETFs") and index funds that include a broad mix of companies,[1] those investments and holdings fall squarely within the safe harbor provision. (*See* Doc. No. 208 at 4 (citing *Cellspin Soft, Inc. v. Fitbit, Inc.*, No. 17-cv-05928-YGR, 2023 WL 2176758, at *9 (N.D. Cal. Feb. 15, 2023) (finding Vanguard index funds fall within safe harbor because they "are registered with the SEC," have "separate portfolio managers," and are "diversified and extremely large.")); *see also United States v. Alabama Power Co.*, No. 01-cv-152-VEH, 2014 WL 467519, at *3 (N.D. Ala. Feb. 5, 2014) ("An exchange traded fund is a 'common investment fund.'").) This means there is no "financial interest" that could form the basis for recusal because the "safe harbor" provision provides that "[o]wnership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities unless the judge participates in the management of the fund." § 455(d)(4)(i); Canon 3C(3)(c)(i). Moreover, I do not participate in the management of any funds, nor have any other interest that could be substantially affected by the outcome of this proceeding. And, as the presiding judge notes, even if Plaintiff were to recover the full amount of damages he seeks, the Vanguard funds would not be substantially affected.[2] (*See* Doc. No. 208 at 6.)

---

[1] Should Plaintiff seek further information, Plaintiff can access my financial disclosure reports on the judiciary website. But as the presiding judge notes, Plaintiff is not entitled to any financial disclosure statements that have not yet been published. (*See* Doc. No. 208 at 7 n.3.)

[2] But in any event, it is not necessary to consider "how a case might affect the value of the fund's assets" or "determine whether the mutual fund company exercises control" over Defendant

My recusal is therefore not required under § 455(b)(4). This decision is consistent with other court decisions finding that investment in ETFs and index funds does not require recusal. *See, e.g., Hurley v. Deutsche Bank Tr. Co. Americans*, No. 08-cv-361, 2011 WL 13196200, at *2 (W.D. Mich. Mar. 2, 2011) ("[O]wnership of the ETFs does not require recusal because the [judge] owns an interest in the fund assets—not the Management Owner."); *Cellspin Soft, Inc.*, 2023 WL 2176758, at *9 (holding ownership of Vanguard index funds does not require recusal).

My recusal is also not necessary under § 455(a). Under this provision, a judge shall "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." § 455(a). This is an objective standard, as "disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (quoting *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017)). However, "a judge whose conduct has satisfied the § 455(d)(4)(i) safe harbor will almost certainly have complied with § 455(a) by acting in a reasonable and impartial manner." *Cent. Tel. Co. of Virginia v. Sprint Commc'ns Co. of Virginia, Inc.*, 715 F.3d 501, 516 (4th Cir. 2013). Indeed, there is nothing to suggest my ownership in well-diversified investment funds would affect my impartiality.

Finally, I emphasize my strong duty to sit in this case, particularly where substantial judicial resources have already been expended to understand and address the issues raised by the parties. Because Plaintiff has not met his burden of showing personal bias or prejudice, and because I see no other reason why recusal would be appropriate, I decline to recuse.

---

because I do not have a "financial interest" under the safe harbor provision. (*See* Doc. No. 208 at 4-5.)

3

For the foregoing reasons, it is

**ORDERED** that the portion of Plaintiff's Motion for Disqualification (Doc. No. 206) that seeks my recusal be **DENIED**.

Dated this 20th day of May, 2025.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge

4