IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-1508

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

a Delaware corporation,

    Defendant.

---

**PLAINTIFF'S OBJECTION TO RECOMMENDATIONS (DKT. 216 AND DKT. 217) : MOTION TO DISMISS IS MOOT IN LIGHT OF RULE 56 SUMMARY JUDGMENT**

---

While a **magistrate judge may issue recommendations under 28 U.S.C. § 636(b)(1)(B)**, Plaintiff objects to the Magistrate Judge's Recommendations to the extent it addresses Defendant's Motion to Dismiss (Dkt. 76) without first deferring consideration of Plaintiff's fully-briefed Motion for Summary Judgment (Dkt. 199) to an assigned **Article III judge**, **who retains exclusive authority to rule on dispositive matters.**

As summary judgment may dispose of all claims, it must be resolved **by an Article III judge** before adopting any recommendation on dismissal. Plaintiff has not consented to dispositive authority under 28 U.S.C. § 636(c), and **only an Article III judge may enter final judgment.**

---

**FACTUAL BACKGROUND**

On **May 1, 2025**, Plaintiff filed a **Motion for Summary Judgment** under Rule 56 (Dkt. 199), asserting that there was no genuine dispute of material fact and that Defendant had failed to present any admissible evidence to support its position. On **May 22, 2025**, Defendant submitted a Consolidated Response (Dkt. 213), but did not include any affidavit, declaration, or authenticated evidence in opposition to Plaintiff's motion. The following day, on **May 23, 2025**, Plaintiff filed a **Reply in Support of Summary Judgment** (Dkt. 214), emphasizing Defendant's failure to comply with Rule 56(c) and requesting the Court deem all facts admitted under Rule 56(e).

At this stage, Plaintiff's Motion for Summary Judgment (Dkt. 199) is **fully briefed**. Defendant's failure to submit any admissible evidence, affidavit, or Rule 56(d) declaration in response constitutes a **waiver of opposition** under Rule 56(c) and (e). As a result, the motion is now ripe for decision, and the Court may deem the material facts undisputed and enter judgment accordingly.

Defendant's vague reference to violating Brimmer's rules does not constitute a proper Rule 56(c)(2) objection. No specific rule, filing standard, or factual dispute was identified, and no evidentiary objection was raised. To the extent Defendant intended to object, the argument is waived.

Defendant failed to object to the admissibility of Plaintiff's evidence under Rule 56(c)(2), failed to identify any genuine dispute of material fact, failed to request time for discovery under Rule 56(d), and failed to challenge the damages or legal basis set forth in Plaintiff's motion. Each of these omissions constitutes waiver under Rule 56(e)(2), and supports entry of judgment as a matter of law.

---

**I. MOTION TO DISMISS IS MOOT UNDER RULE 56**

The Motion to Dismiss (Dkt. 76) is **procedurally and functionally moot**. Plaintiff filed a timely Rule 56 Motion for Summary Judgment (Dkt. 199), which is fully briefed and outcome-determinative. Defendant's Response (Dkt. 213) failed to comply with **Rule 56(c)** by:

- Submitting **no admissible evidence**;
- **No affidavit or declaration** under Rule 56(d);
- **No objection** under Rule 56(c)(2);
- And **no factual rebuttal** to Plaintiff's Statement of Undisputed Facts.

Thus, under Rule 56(e), the Court may (and should) **deem Plaintiff's facts admitted** and **grant judgment as a matter of law**.

## II. DAMAGES ARE ALSO UNDISPUTED

Defendant did not dispute or respond to Plaintiff's specific monetary claims:

- **$1.25 million in compensatory damages**;
- **$30–$50 million in unjust enrichment**.

Plaintiff's requested damages were stated with specificity in the Motion for Summary Judgment itself (Dkt. 199), and were not contested by Defendant in its Response (Dkt. 213). **The law does not require documentary proof if the opposing party does not dispute the figures.** Plus, Defendant did not raise any such objection in their Response — **again, waived**. As such, these elements are now undisputed under Rule 56(e)(2), and judgment is warranted.

### III. COURT SHOULD NOT IGNORE RULE 56 TO PREFER RULE 12(B)(6)

Proceeding with recommendations on the motion to dismiss while **ignoring a ripe, unopposed summary judgment motion** violates the structure of the Federal Rules. Rule 56 takes precedence when a party has evidentiary support and the opposing party **fails to dispute facts**. To the extent the Recommendations fail to account for the pending Rule 56 motion or suggest dismissal is appropriate despite the waiver of opposition, Plaintiff objects. Plaintiff expressly preserves all rights to raise further objections or appellate challenges to the Court's findings, conclusions, or procedural treatment at a later stage or on appeal.

### REQUEST FOR RELIEF

**Plaintiff respectfully requests that the Court:**

**1.** Reject the Magistrate's Recommendations as premature and procedurally improper;

**2.** Deem all facts in Plaintiff's Motion for Summary Judgment admitted under Rule 56(e);

**3.** Grant Plaintiff's Summary Judgment (Dkt. 199) in full;

**4.** Enter judgment in Plaintiff's favor in the requested amounts.

### APPLICATION OF RULE 56(e) TO DEFENDANT'S NON-RESPONSE

Under **Rule 56(e)(2)–(3)**, where a party fails to rebut a factual assertion with admissible evidence, the Court may consider the fact undisputed and **grant judgment** accordingly.

Here, Defendant failed to submit any signed agreement, declaration, affidavit, or admissible evidence to dispute Plaintiff's central factual assertions. Accordingly, Plaintiff respectfully requests that the Court deem the facts admitted and **grant summary judgment** under Rule 56.

**Filed under duress and without waiver,**

/s/ Colton John Harris

*Colton John Harris*

3100 Wood Ave, Lot G17

Colorado Springs, CO 80907

Email: thecoltonjohn@gmail.com

DATED: **06-2-2025**