# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-1508-MDB

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.
a Delaware corporation,

    Defendant.

---

## DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION
## TO RECOMMENDATIONS

---

Defendant Take-Two Interactive, Inc. ("Defendant" or "Take-Two") hereby provides its response to Plaintiff's Objection to Recommendations (the "Objection"; Dkt. No. 218) asserting that Defendant's Motion to Dismiss is "moot" in light of Plaintiff's Motion for Summary Judgment (the "MSJ"; Dkt. No. 199).

Defendant filed its Motion to Dismiss the Third Amended Complaint on September 23, 2024, asserting that Plaintiff had failed to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which was fully briefed. *See* Dkt. Nos. 76, 89, 90. Plaintiff then filed numerous motions and "notices" on a variety of topics, most of which related to the arguments advanced in the Motion to Dismiss and related briefing. *See, generally*, Case Docket.

1

On May 1, 2025, Plaintiff also filed a Motion for Summary Judgment asserting that Defendant had failed to contest Plaintiff's claims with any evidence, [1] which was referred to the Magistrate Judge. Dkt. Nos. 199, 200. On May 30, 2025, the Magistrate Judge entered her Recommendation that the Court dismiss all claims in Plaintiff's Third Amended Complaint with prejudice and entered orders on all non-dispositive motions and notices referred to the Magistrate Judge that related to Defendant's Motion to Dismiss. Dkt. Nos. 216, 217. Plaintiff filed his Objection on June 2, 2025. Dkt. No. 218.

Plaintiff's Objection does not raise any specific substantive issues with the Recommendation that Defendant's Motion to Dismiss be granted in its entirety. *See* Dkt. No. 218; F.R.C.P. 72(b)(2. Instead, Plaintiff's Objection appears to be procedural in nature and based on his understanding that it was improper for the Magistrate Judge to enter the Recommendation prior to the Court ruling on Plaintiff's Motion for Summary Judgment. Dkt. No. 218. But Plaintiff reverses the procedural order. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, upon motion, the Court must first determine whether Plaintiff has stated any claims upon which relief may be granted. If the Court finds that Plaintiff has failed to state any claims, then there are no claims on which the Court could enter summary judgment.

Here, the Magistrate Judge found that Plaintiff had not stated any claims upon which relief may be granted and recommended that Plaintiff's Third Amended Complaint be dismissed in its entirety, with prejudice. Dkt. No. 216. Although Plaintiff timely filed an Objection, it does not contain specific, substantive objections to the proposed findings and recommendations—it states only that his Motion for Summary Judgment "must be resolved by an Article III judge before

---

[1] The case was stayed on September 9, 2024. Dkt. No.72.

2

adopting any recommendation on dismissal." Obj. at 2. Accordingly, the Objection to the Recommendation is not sufficiently specific. *See United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059-60 (10th Cir. 1996) (an objection to a recommendation is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.") Thus, the Court now may review the Recommendation under any standard it deems appropriate, including for clear error. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). "The clearly erroneous standard ... requires that the reviewing court affirm unless it 'on the entire evidence is left with the firm and definite conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1996) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)). Review under the "clearly erroneous" standard is "significantly deferential." *United States v. Gallegos*, 314 F.3d 456, 462 n.3 (10th Cir. 2002) (quotation omitted).

After the Court reviews the Recommendation and Objection, the Court may accept, reject, or modify the recommended disposition, or return the matter to the Magistrate Judge with instructions. *See* F.R.C.P. 72(b)(3). Plaintiff's Motion for Summary Judgment only becomes relevant if the Court disagrees with the Recommendation and decides that any of Plaintiff's claims should remain in the case.

Magistrate Judge Dominguez Braswell carefully considered the background facts and Plaintiff's claims closely and, in a thorough and well-reasoned Recommendation, determined that Plaintiff's Third Amended Complaint fails to state any claim upon which relief may be granted

3

and should be dismissed without prejudice. *See* Dkt. No. 216. There is no clear error[2] on the face of the record and, accordingly, the Court should overrule the Objection, affirm and adopt the Recommendation, grant the Motion to Dismiss and dismiss Plaintiff's Third Amended Complaint with Prejudice, and deny Plaintiff's Motion for Summary Judgment as moot.

DATED:  June 16, 2025

Respectfully submitted,

By: */s/ Carolyn Juarez*
Carolyn Juarez
NOD Law PC
726 Front St., Ste. 220
Louisville, CO  80027
T: (720) 536-4900
F: (720) 536-4910
Email:  carolyn@nod-law.com
ATTORNEYS FOR DEFENDANT TAKE-TWO INTERACTIVE SOFTWARE, INC.

---

[2] Even on de novo review of the record, the Objection should be overruled, the Recommendation should be accepted and adopted, and Plaintiff's Third Amende Complaint should be dismissed with prejudice.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2025, a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO RECOMMENDATIONS** was filed with the Clerk of Court using the CM/ECF system.

*/s/ Carolyn Juarez*
Carolyn Juarez