IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-1508-MDB

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.
a Delaware corporation,

    Defendant.

---

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S RESPONSE (DKT. 219)

---

Defendant Take-Two Interactive, Inc. ("Defendant" or "Take-Two") hereby provides its response to Plaintiff's Motion to Strike Defendant's "Unauthorized" Response to Plaintiff's Objection to Recommendations (the "Motion to Strike"; Dkt. No. 220) asserting that Defendant's Response to Plaintiff's Objection to Recommendations is not proper under Rule 72(b)(2) of the Federal Rules of Civil Procedure (the "Objection Response"; Dkt. No. 219).

Defendant filed its Motion to Dismiss the Third Amended Complaint on September 23, 2024, asserting that Plaintiff had failed to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which was fully briefed. *See* Dkt. Nos. 76, 89, 90. Plaintiff then filed numerous motions and "notices" on a variety of topics, most of which related to the arguments advanced in the Motion to Dismiss and related briefing. *See, generally*, Case Docket.

1

On May 1, 2025, Plaintiff also filed a Motion for Summary Judgment which was referred to the Magistrate Judge. Dkt. Nos. 199, 200. On May 30, 2025, the Magistrate Judge entered her Recommendation that the Court dismiss all claims in Plaintiff's Third Amended Complaint with prejudice and entered orders on all non-dispositive motions and notices referred to the Magistrate Judge that related to Defendant's Motion to Dismiss. Dkt. Nos. 216, 217.

Plaintiff filed his Objection to Recommendations on June 2, 2025 (the "Objection"; Dkt. No. 218) submitting procedural arguments that it was improper to for the Magistrate Judge to enter the Recommendation prior to the Court ruling on Plaintiff's Motion for Summary Judgment. Dkt. No. 218. Defendant filed its Objection Response on June 16, 2025. Dkt. No. 219. Plaintiff then filed the Motion to Strike, arguing that Defendant's Objection Response "functions as a surreply" and constitutes "unauthorized supplemental briefing" outside the scope of permitted briefing under Rule 72(b)(2).

Rule 72(b)(2) permits a party to "respond to another party's objections within 14 days after being served with a copy." Defendant's Objection Response set forth the standard of review for objections to proposed findings and recommendations and clarified the procedural order for motions to dismiss and motions for summary judgment under the Federal Rules of Civil Procedure, responding directly to the arguments Plaintiff raised in his Objection. *See* Dkt. No. 219. Defendant's Objection Response is within the scope of the permitted response to objections to a Magistrate Judge's proposed findings and recommendations under Rule 72(b)(2) of the Federal Rules of Civil Procedure. Accordingly, the Court should deny the Motion to Strike.

DATED:  July 7, 2025

    Respectfully submitted,

    By: */s/ Carolyn Juarez*
    Carolyn Juarez
    NOD Law PC
    726 Front St., Ste. 220
    Louisville, CO  80027
    T: (720) 536-4900
    F: (720) 536-4910
    Email:  carolyn@nod-law.com
    ATTORNEYS FOR DEFENDANT TAKE-TWO INTERACTIVE SOFTWARE, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 7, 2025, a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S RESPONSE** was filed with the Clerk of Court using the CM/ECF system.

*/s/ Carolyn Juarez*
Carolyn Juarez