IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-01508-PAB-MDB

COLTON JOHN HARRIS,

    Plaintiff,

v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

    Defendant.

---

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter comes before the Court on the Recommendation and Order of United States Magistrate Judge [Docket No. 216] and Plaintiff's Motion to Strike Defendant's Unauthorized Response [Docket No. 220]. The Court has jurisdiction pursuant to 28 U.S.C § 1331. Plaintiff Colton John Harris filed a timely objection. Docket No. 218. Defendant Take-Two Interactive Software, Inc. ("Take-Two") filed a response, Docket No. 219, which Mr. Harris moves to strike. *See* Docket No. 220. Take-Two filed a response to Mr. Harris's motion to strike. Docket No. 222.

### I. BACKGROUND

The facts are set forth in the magistrate judge's recommendation, Docket No. 216 at 2-4, and the Court adopts them for purposes of ruling on the objection. To the extent that Mr. Harris disputes how the magistrate judge construed certain facts, the Court considers and resolves those arguments below.

On September 16, 2024, Mr. Harris filed his third amended complaint. Docket No. 73. Mr. Harris alleges that he had an account on the user platform CFX.re and FiveM, where he "occasionally promoted" "models and scripts as add-ons for various games" that Mr. Harris created. *See id.* at 2, ¶¶ 5-7. Mr. Harris alleges that after he created his account, Take-Two acquired CFX.re and FiveM. *See id.*, ¶ 6. Mr. Harris alleges that an employee of Take-Two "accessed Plaintiff's account without permission." *Id.* at 4, ¶ 12. After the "unauthorized access" of his account, Mr. Harris claims that he was "locked out of his data . . . , lost control over more than 200 assets, suffered financial losses due to an inability to update these assets, and experienced significant harm to his reputation, mental health, and physical health." *Id.* at 11, ¶ 29. Mr. Harris brings claims for (1) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; (2) breach of privacy; (3) violation of the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-101; (4) violation of the Sherman Act, 15 U.S.C. § 1, and the Clayton Act, 15 U.S.C. § 12; and (5) for unjust enrichment. *See id.* at 10-20. He seeks compensatory damages, statutory damages, and non-economic damages totaling $1,250,000. *See id.* at 20-24.

On September 23, 2024, Take-Two filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 76. Mr. Harris filed a response, Docket No. 89, and Take-Two filed a reply. Docket No. 90. With leave of the magistrate judge, Mr. Harris filed a sur-reply. Docket No. 94. On May 1, 2025, Mr. Harris filed a motion for summary judgment. Docket No. 199. Take-Two filed a response, Docket No. 213, and Mr. Harris filed a reply. Docket No. 214.

2

On May 30, 2025, Magistrate Judge Maritza Dominguez Braswell issued a recommendation that Take-Two's motion to dismiss be granted and that all claims be dismissed with prejudice.  Docket No. 216 at 23 n.15.  Judge Dominguez Braswell also ruled on Mr. Harris's motions for clarification, Docket Nos. 178, 201, and "every Plaintiff-filed motion that directly relates to the Motion to Dismiss."[1]  *Id.* at 1-2.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*").  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  This standard of review is something less

---

[1] These motions include Docket Nos. 96, 100, 101, 102, 107, 109, 120, 137, 160, 175, 178, 185.  *See* Docket No. 216 at 2 n.2.  The magistrate judge states that "[a]ll other motions [Docket Nos. 113, 116, 117, 152, 192, 199] shall be addressed only if the presiding judge rejects this Court's recommendation, and finds that some or all of Plaintiff's claims survive the Motion to Dismiss."  *Id.* at 2.

3

than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because Mr. Harris is proceeding pro se, the Court will construe his objection and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

III.  **ANALYSIS**

In Docket No. 220, Mr. Harris moves to strike Take-Two's response, Docket No. 219, to Mr. Harris's objection. In Docket No. 218, Mr. Harris objects to the magistrate judge's recommendation "to the extent it addresses Defendant's Motion to Dismiss (Dkt. 76) without first deferring consideration of Plaintiff's fully-briefed Motion for Summary Judgment (Dkt. 199)." Docket No. 218 at 1. Mr. Harris does not object to the magistrate judge's recommendation that his claims be dismissed with prejudice. *See generally id.*

A.  <u>Mr. Harris's Motion to Strike</u>

Mr. Harris argues that Take-Two's response to his objection to the magistrate judge's recommendation should be stricken because it "was submitted without leave of court, and impermissibly functions as both a disguised surreply and unauthorized supplemental brief." Docket No. 220 at 1.

The Court rejects Mr. Harris's argument that Take-Two's response is outside the scope of Fed. R. Civ. P. 72(b)(2). Take-Two's response – arguing that Mr. Harris's objection "does not raise any specific substantive issues with the Recommendation that Defendant's Motion to Dismiss be granted in its entirety" – is proper. *See* Docket No. 219 at 2. Pursuant to Rule 72(b)(2), a party may "respond to another party's objections." *See* Fed. R. Civ. P. 72(b)(2). Therefore, given that Mr. Harris bases his objection on the fact that Mr. Harris believes that the Court must focus on his motion for

4

summary judgment rather than the motion to dismiss, Take-Two may argue that Mr. Harris failed to object to the recommendation.  The Court rejects Mr. Harris's arguments that the response improperly "supplements arguments raised in [the] Motion to Dismiss," "[i]ntroduces new opposition to Plaintiff's Motion for Summary Judgment," raises a new "legal theory," or "[a]ttempts to influence the Court's standard of review without court invitation or motion."  See Docket No. 220 at 2.  The Court also finds that the response does not constitute an untimely sur-reply or improper objection.  See id. at 2, 5.

Accordingly, the Court finds no basis to strike Take-Two's response and will deny Mr. Harris's motion to strike.

### B. Mr. Harris's Objection to the Magistrate Judge Not Ruling on the Motion for Summary Judgment

Mr. Harris argues that the magistrate judge erred in making a recommendation on the motion to dismiss because the motion to dismiss was rendered "procedurally and functionally moot" when Mr. Harris filed his motion for summary judgment.  Docket No. 218 at 3.  He contends that the magistrate judge should have considered Mr. Harris's motion for summary judgment before Take-Two's motion to dismiss and granted summary judgment against Take-Two.  See id.  Mr. Harris argues that Take-Two's "failure to submit any admissible evidence, affidavit, or Rule 56(d) declaration" in response to his motion for summary judgment "constitutes a waiver of opposition."  Id. at 2.

Where there are pending motions under both Rule 12(b)(6) and Rule 56, a court may rule on the Rule 12(b)(6) motion first.  See Dobson v. Anderson, 319 F. App'x 698, 701 (10th Cir. 2008) (unpublished) (rejecting plaintiffs' argument "that [a Rule 12(b)(6)]

5

dismissal was improper because none of the defendants rebutted the evidence that plaintiffs filed in support of their summary-judgment motions"). Mr. Harris's contention that the magistrate judge should have considered Take-Two's alleged failure to rebut evidence presented in his motion for summary judgment "misconstrues the court's function on a Rule 12(b)(6) motion." *See id.* "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (citation omitted). The magistrate judge determined that Mr. Harris's complaint was not legally sufficient to state a claim – and the magistrate judge was not required to weigh potential evidence in doing so – and properly decided to only issue a recommendation on Mr. Harris's motion for summary judgment if the Court were to "find[] that some or all of Plaintiff's claims survive the Motion to Dismiss." *See* Docket No. 216 at 2; *McCall v. Keefe Supply Co.*, 71 F. App'x 779, 780-81 (10th Cir. 2003) (unpublished) (affirming the district court's dismissal of the complaint for failure to state a claim and holding that "[a]s such, the district court's denial of [plaintiff's] summary judgment motion was proper").

Mr. Harris cites no authority in support of the proposition that the magistrate judge was required to address his motion for summary judgment before issuing a recommendation on Take-Two's motion to dismiss. *See generally* Docket No. 218. Moreover, he provides no support for the proposition that, upon finding that the complaint fails to state a claim, the magistrate judge was required to nonetheless consider the motion for summary judgment. Accordingly, the Court will overrule Mr. Harris's objection.

6

### C. <u>Non-Objected to Portions of the Recommendation</u>

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record." *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

Mr. Harris does not object to the magistrate judge's recommendation that his claims be dismissed for failure to state a claim upon which relief can be granted. *See generally* Docket No. 218. The magistrate judge finds that Mr. Harris fails to state a claim for unjust enrichment because there was an express agreement that governed the subject matter of his unjust enrichment claim. *See* Docket No. 216 at 5-10. Because Mr. Harris fails to allege that Take-Two accessed a protected computer, the magistrate judge finds that Mr. Harris fails to state a claim under the CFAA. *See id.* at 10-12. The magistrate judge finds that Mr. Harris fails to state a claim for breach of privacy under Colorado common law because he "does not offer any facts from which the Court could conclude the alleged intrusion would be offensive to a reasonable person." *See id.* at 12-13. The magistrate judge finds that Mr. Harris fails to state a claim under the CCPA because he offers no facts suggesting that Take-Two engaged in a deceptive practice. *See id.* at 14-15. Regarding Mr. Harris's Sherman Act and Clayton Act claims, the magistrate judge finds that Mr. Harris does not have standing to sue pursuant to Article III of the United States Constitution and does not have "antitrust standing." *See id.* at 15-18 (quoting *Tal*, 453 F.3d at 1253). Mr. Harris does not address any of these

recommendations or object to them.  The Court finds no clear error in the magistrate judge's recommendations and agrees that Mr. Harris has failed to state a claim.

The magistrate judge recommends that Mr. Harris's claims be dismissed with prejudice[2] because "Plaintiff has already had several opportunities to amend his complaint, and it appears any further amendment would be futile."  Docket No. 216 at 23 n.15 (internal citations omitted).  Mr. Harris does not object to the magistrate judge's recommendation that his claims be dismissed with prejudice.  Finding no clear error in the magistrate judge's recommendation, the Court will accept the recommendation that

---

[2] As noted above, the magistrate judge recommends that Mr. Harris's Sherman Act and Clayton Act claims be dismissed for a lack of Article III standing and antitrust standing.  See Docket No. 216 at 15-18. The magistrate judge recommends that all claims be dismissed with prejudice because she finds that the complaint fails to state a claim and granting leave to amend would be futile.  See id. at 23 n.15.  Generally, a dismissal of a claim for lack of Article III standing is a jurisdictional defect that calls for dismissal without prejudice, even if a court finds that it would be futile for a plaintiff to amend his or her complaint to allege Article III standing.  See Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006) ("A denial of leave to amend to repair a jurisdictional defect, even on futility grounds, does not call for a dismissal with prejudice.").  However, a lack of antitrust standing is not a jurisdictional defect because antitrust standing "stems from section 4 of the Clayton Act, 15 U.S.C. § 15," not the Constitution.  See Tal, 453 F.3d at 1253; Adamson v. Volkswagen Grp. of Am., Inc., No. 22-cv-00740-CMA-MDB, 2023 WL 2648010, at *2 (D. Colo. Mar. 27, 2023) ("Antitrust standing, on the other hand, is not 'jurisdictional.'") (citing Gerlinger v. Amazon.com Inc, 526 F.3d 1253, 1256 (9th Cir. 2008) ("Lack of antitrust standing affects a plaintiff's ability to recover, but does not implicate the subject matter jurisdiction of the court."); In re Lorazepam & Clorazepate Antitrust Litig., 289 F.3d 98, 107–08 (D.C. Cir. 2002) ("Unlike constitutional standing, this court's jurisdiction does not turn on antitrust standing.")).  Therefore, the Court agrees that dismissal of the Sherman Act and Clayton Act claims should be with prejudice because the complaint fails to state a claim and it would be futile for Mr. Harris to amend his complaint to allege antitrust standing.  See, e.g., CVB, Inc. v. Corsicana Mattress Co., 2024 WL 4505044, at *7,*16 (D. Utah Oct. 16, 2024) (dismissing Sherman Act claim with prejudice where plaintiff failed to adequately allege antitrust standing).

dismissal be with prejudice[3] and that Mr. Harris's motions related to the motion to dismiss be denied.[4]

The Court will further order that Mr. Harris's motion for summary judgment be denied as moot because the complaint fails to state a claim upon which relief can be granted. See *Higgason v. Stephens,* 288 F.3d 868, 878 (6th Cir. 2002) ("Because we have concluded that the district court did not err in dismissing Plaintiff's claim against [defendant], Plaintiff's argument [that he is entitled to summary judgment] is moot."); *Ratcliff v. Race*, 2007 WL 496862, at *2 (D. Kan. Feb. 13, 2007) ("The court dismisses this case for failure to state a claim, but denies summary judgment as moot."); *Loyless v. Oliveira*, 2010 WL 3862883, at *4 (E.D. Tenn. Sept. 28, 2010) ("Because the plaintiff fails to state a claim for relief against [defendant], the Court will DENY Plaintiff's motion for summary judgment on the FLSA claims against [defendant]")

## IV. CONCLUSION

Therefore, it is

---

[3] Because the Court accepts the magistrate judge's recommendation that Mr. Harris's claims be dismissed with prejudice, it will deny Mr. Harris's additional motions as moot. See Docket Nos. 113, 116, 117, 152, 192.

[4] Mr. Harris does not object to the magistrate judge's non-dipositive rulings. Specifically, Mr. Harris does not object to the magistrate judge's order that the following motions that relate to the motion dismiss be denied: motions for sanctions, Docket Nos. 96, 100, 160, 175; Motion for Emergency Preservation Order and to Address Spoilation, Docket No. 101; motions for default judgment, Docket Nos. 102, 107; Plaintiff's Objection to Minute Order and Procedural Handling of Motions, Docket No. 109; Plaintiff's Objection to Courtroom Minutes, Docket No. 137; and Plaintiff's Motion for Ruling and Procedural Enforcement, Docket No. 185. Take-Two does not object to the magistrate judge's order that Plaintiff's Motion to Exclude Electronic Evidence, Docket No. 120, be granted in part, and that the motions for clarification, Docket Nos. 178, 201, be granted. The Court finds "no clear error" in the magistrate judge's non-dispositive rulings. See Fed. R. Civ. P. 72(b), Advisory Committee Notes.

**ORDERED** that Plaintiff's Objections to Recommendations (Dkt. 216 and Dkt. 217): Motion to Dismiss is Moot in Light of Rule 56 Summary Judgment [Docket No. 218] is **OVERRULED**.  It is further

**ORDERED** that the Recommendation and Order of United States Magistrate Judge [Docket No. 216] is **ACCEPTED**.  It is further

**ORDERED** that Defendant's Motion to Dismiss Third Amended Complaint Pursuant to F.R.C.P. 12(b)(6) [Docket No. 76] is **GRANTED**.  It is further

**ORDERED** that the Request for Reconsideration of Clerk's Denial of Entry of Default [Docket No. 113] is **DENIED**.  It is further

**ORDERED** that the Supplemental Clarification to Doc. 113: Request for Reconsideration of Clerk's Denial of Entry of Default [Docket No. 116] is **DENIED**.  It is further

**ORDERED** that the Procedural Objection to Clerk's Note Regarding Default [Docket No. 117] is **DENIED**.  It is further

**ORDERED** that the Emergency Motion to Strike Unauthorized Transcript & Address Procedural Irregularities [Docket No. 152] is **DENIED**.  It is further

**ORDERED** that Plaintiff's Motion to Clarify Clerk Identity and Authority at Dkt. 11 is [Docket No. 192] is **DENIED**.  It is further

**ORDERED** that Plaintiff's Motion for Summary Judgment Under Rule 56(a) [Docket No. 199] is **DENIED**.  It is further

**ORDERED** that Plaintiff's Motion to Strike Defendant's Unauthorized Response [Docket No. 220] is **DENIED**.  It is further

**ORDERED** that plaintiff's claims against defendant are **DISMISSED with prejudice**. It is further

**ORDERED** that this case is closed.

DATED August 21, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge